SUSAN LEE v. LAWRENCE E. SILLS ET AL.

[49 South. 259.]

HIGHWAYS. *Bridges. Supervisor. Duty to inspect and report. Injury to traveller from defects in. Official bond.*

A member of the board of supervisors is not liable on his official bond for injuries suffered by a traveller resulting from defects in a highway bridge located in the district of the county for which he was elected, although he failed to perform his duty, under Cole 1906, § 4468, requiring him to inspect the bridge and report to the board the improvements necessary to make it "good and acceptable."

FROM the circuit court of Lawrence county.

HON. ROBERT L. BULLARD, Judge.

Miss Lee, appellant, was plaintiff in the court below; Sills and others, appellees, were defendants there. From a judgment

in defendants' favor, sustaining a demurrer to the declaration and dismissing the suit, plaintiff appealed to the supreme court. Plaintiff was a traveller on the highway and suffered injuries resulting from defects in a bridge thereon located in the district of the county for which appellee Sills was a member of the board of supervisors. The suit was upon Sills' official bond as a member of the board of supervisors and his co-defendants were sureties thereon.

*George Wood Magee,* for appellant.

It will be noticed from a reading of the declaration in this case that the supervisors of Lawrence county by order on their minutes made themselves road commissioners. In other words, each supervisor by this order was to act as road commissioner for his respective district as provided by Code 1906, §§ 4467, 4468.

By Code 1906, § 4467, the supervisors of each district in each county is to have and is required to exercise general supervision over the public highways of his district; and by section 4468 the members of the board of supervisors together with a road commissioner, if there be one, shall inspect each section of the road as subdivided, together with all bridges in said section and carefully note the character and amount of work needed on same and all else necessary to make same a good and acceptable highway.

It will be seen that the above sections of the Code point out clearly the duties of supervisors as to their inspection of the roads and bridges of the county.

This law makes it as much the duty of the supervisors to see that the roads and bridges of his district are in an acceptable, and safe condition as anything else required of him by law. In fact, section 4468 is mandatory in its terms, and surely a willful refusal to comply with this section will make him civilly liable to an injured party.

It has been held by this court time and time again that a

county is not liable in cases like this. *Rainey v. Hinds County,* 78 Miss. 308, 28 South. 875; *Rainey v. Hinds County,* 79 Miss. 238, 30 South. 636; *Sutton v. Board of Police,* 41 Miss. 236; *Brabham v. Hinds County,* 54 Miss. 363.

And if the county is not liable and the supervisor, the agent of the county, is not liable individually, what remedy is there for an injured party who suffers because of the failure and neglect on the part of an official to discharge his official duties? Can there be so grave a wrong without a remedy?

If the supervisor did not "faithfully perform all the duties of said office" he should be held to account.

If it should be held in a case like this, where we have no road overseers, but where, as I contend, the supervisors of each district takes the place of the old road overseer, that no one is liable in damages to an injured party, then the road law and the law so far as the protection of the travelling public is concerned is a dead letter. *State v. Road Commissioners of Public Roads,* Walker, 368.

*Luther E. Grice* and *H. J. Wilson,* for appellees.

The supreme court of the state of Idaho, passing upon the question presented by the case at bar, said: "To hold counties or county commissioners liable for all injuries arising from defective highways in this country, would result in two undesirable conclusions—the literal abrogation of the office of county commissioner (for no sane man would assume the position with such a liability attached) and the bankruptcy of every county and state. Had there been any intention on the part of the legislature to impose such a liability upon the county commissioners, they would have said so by unequivocal enactment." *Worden v. Witt,* 39 Pac. 1114. The reasoning of the Idaho court certainly has a forceful application to conditions in this state. Our legislature has never seen fit to impose such liability on members of the board of supervisors, and it is safe to say that it never will attach such responsibility to an office the emolu-

ments of which are so small. The office and its attendant responsibilities and duties are purely statutory, and unless it is shown that some duty plainly laid down by statute has been violated, to the injury of the party complaining, there can be no sort of liability.

At all events, the declaration in the case at bar is fatally defective in that it does not aver that the board had failed to contract for the building and keeping in repair of the bridge, as authorized by Code 1906, § 4449, Code 1892, § 3937, or if it had so contracted, that the time during which the bridge was to be kept in repair by the contractor had expired before the accrual of the cause of action at bar. *State, etc. v. Vaughn,* 77 Miss. 681, 27 South. 999; *Barber County v. Ham,* 48 Ala. 649.

WHITFIELD, C. J., delivered the opinion of the court.

In section 4468 of the Code of 1906 the duties of a member of the board of supervisors under the contract system, which was in force in this case, are set out as follows: "He shall inspect each section of the road as subdivided, together with all bridges in said section, and carefully note the character and amount of work needed on same, and all else necessary to make a good and acceptable highway, and then prepare detailed plans and specifications for the working of same by contract filed for record with the clerk of the board of supervisors," so that the board may take action thereon.

We think the extent of his duty as marked out by this section is to inspect the road and the bridges and report to the board of supervisors what improvements are necessary in his judgment to make the highways in his district "good and acceptable." He does not have the duty charged upon him of actually repairing the highways. That is for the board as a board to provide for. He does not stand in the attitude of a road overseer under the old law. The road overseer did have the duty of actually repairing the road, and he was furnished means with which to make such repairs. The duties of a supervisor, when he acts,

as road commissioner, as he did here under an order of the board, are merely incidental to his duties as supervisor. It would be a dangerous public policy to establish that an individual member of the board of supervisors, charged only with these duties, and not standing in the situation of a road overseer, could be held personally liable for damages by reason of the bad condition of the road or bridge to an individual suing in tort for such damages. The chief argument made by the learned counsel for appellant is that such individual member of the board does stand exactly in the situation of a road overseer. We cannot assent to this.

We think, therefore, that the action of the court below was correct, and the judgment is *affirmed*.