STATE FOR USE OF RUSSELL *v.* McRAE *et al.*

(Division A. Feb. 26, 1934.)

[152 So. 826. No. 31044.]

Alexander, Alexander & Satterfield and Bert Crisler, all of Jackson, for appellant.

Green, Green & Jackson, of Jackson, and W. E. McIntyre, of Brandon, for appellees.

Argued orally by **J. C. Satterfield** and **Julian Alexander**, for appellant, and by **Forrest B. Jackson**, for appellee.

**Cook, J.**, delivered the opinion of the court.

This suit was instituted in the name of the state of Mississippi, for the use of E. E. Russell, against J. W. McRae, a member of the board of supervisors of Rankin county, and the Hartford Accident & Indemnity Company, the surety on his bond as a member of such board. To the declaration separate demurrers were interposed by the defendants, which were sustained, and, upon the plaintiff declining to plead further, a final judgment was entered dismissing the cause and taxing the said E. E. Russell with all costs. Before any steps had been taken to perfect an appeal from this judgment, but within the time allowed for an appeal therefrom, the usee plaintiff died. Mrs. E. E. Russell, his widow, was duly appointed as administratrix of his estate, and thereupon she filed with the clerk of the circuit court a suggestion of the death of her husband, attaching thereto a certified copy of the proceedings of the chancery court appointing her as administratrix, and praying that she be entered on the record of this suit ''in the place of the said decedent as provided by statute.'' The clerk thereupon placed upon the original declaration herein a notation that suggestion of the death of the beneficiary plaintiff had been filed, and that the administratrix of his estate was thereby substituted as beneficiary plaintiff or usee therein in the place of the said E. E. Russell. Thereafter the said administratrix filed a petition and bond for an appeal, and the record has come to this court.

The declaration alleged the due election and qualification of the defendant McRae as a member of the board of supervisors of Rankin county, and the execution of his official bond with the defendant indemnity company as

surety. It further charged that the board of supervisors of Rankin county had not employed a general county road commissioner as permitted by statute, and had not employed a road commissioner to act for supervisors' district No. 2, as permitted by sections 6381 and 6398, Code of 1930, or any other provision of law, and had awarded no contract for working, constructing, reconstructing, and maintaining the public roads and bridges of such supervisors' district, but alleged that the working, constructing, reconstructing, and maintaining of the roads and bridges of said supervisors' district were under the direct supervision and control of the said J. W. McRae, as a member of the board of supervisors of said district, and that, acting as such supervisor, and performing, by virtue of his said office, the duties of road commissioner of said county and district, he owed the public the duty to keep the roads and bridges therein reasonably safe for travel.

It was further charged that the defendant McRae, acting under color of his office and by virtue of the authority thereof, tore down and destroyed a bridge on a certain public road in said district, and with laborers acting under his orders began to rebuild the said bridge, but at nightfall left the same in an uncompleted, defective, and dangerous condition, wantonly and negligently, and without regard to the rights of the said E. E. Russell and the public generally, and without displaying any signs, lights, or warnings to show the defective and dangerous condition thereof. As to the condition of the bridge, it was alleged that it was left so that there was a perpendicular drop at each end thereof of eight or ten or more inches extending entirely across the road in such manner that it was dangerous to life and property and was impossible for any one to observe the condition by the exercise of reasonable diligence.

It further charged that, without any knowledge or notice of the acts of the said McRae in creating this high-

ly dangerous condition, the said E. E. Russell drove his automobile along the said highway in the nighttime; that his said automobile dropped into this hole or depression, which extended the entire width of the road, and, by force of the impact of being dropped into the hole and then thrown immediately out by the other edge thereof, the said automobile was caused to turn over several times, resulting in very serious physical injury to the said Russell and damage to his automobile; and that the injury so sustained and damages so inflicted were the direct and proximate result of the wanton, gross, and reckless negligence and affirmative act of the said J. W. McRae, acting under color and by virtue of his office as a member of the board of supervisors of Rankin county.

After the cause reached this court, the appellees filed a motion to dismiss the same on the ground that all right to appeal was abated by the death of the said E. E. Russell after final judgment in circuit court, and before any appeal was sought or attempted to be perfected by him. This motion was argued and submitted for decision along with the merits of the cause.

In the argument particular attention is directed to section 517, Code of 1930, which provides, among other things, that: "In case the party for whose use and benefit a suit shall be brought shall die before final judgment it shall be lawful for the party representing such deceased person as executor or administrator, to be entered on the record of such suit in the place of such deceased person." It is contended that, while this section provides for the substitution of the administrator after death of the usee before final judgment in any case commenced in the name of any person for the use and benefit of another, and section 3384, Code of 1930, provides that, if either the appellant or the appellee die after a case has been removed to the Supreme Court, and before decision thereof, the suit shall not abate, but may be revived by the legal representative of the deceased party voluntarily appearing

and making himself a party, there is no statute authorizing the legal representative to make himself a party and prosecute an appeal where death of the usee occurs after final judgment in the circuit court, and before an appeal has been perfected.

In the case of Lee v. Gardiner, 26 Miss. 521, in discussing the effect of section 517, Code of 1930, which at that time was section 842 of Hutchinson's Code, the court said: "But in case of the death of the usee, the nominal plaintiff surviving, does the suit abate? The statute does not so declare. It merely makes it lawful for the administrator to be entered of record in the place of the deceased. It would seem that unless he sees proper to exercise that right, the suit would progress without it, there being already a legal plaintiff capable of representing it. It is not provided for in the statute, and must be governed by the rules of the common law. It has been held by this court that the name of the usee may be stricken out on motion. Archer v. Stamps, 4 Smedes & M. 352. If he were the legal plaintiff, and a necessary party, this could not be done, for it would have the effect to dismiss the suit. We think that the proper interpretation of the statute is, that the administrator of the deceased usee may become a party to the suit; but if he fails to do so, that the suit may progress in the name of the nominal plaintiff, he being accountable for the avails of it to the administrator of the usee."

Laying aside, however, any question of whether or not this statute, or the language of the court in Lee v. Gardiner, supra, are applicable in the case at bar, we think a sufficient answer to the motion to dismiss is found in section 13, Code of 1930, which provides that: "An appeal may be taken to the Supreme Court from any final judgment of a circuit court in a civil case, not being a judgment by confession or from any final decree of the chancery court, not being by consent, by any of the parties or legal representatives of such parties." The

latter section appears to be particularly applicable to the judgment of the circuit court in this case, and therefore the motion to dismiss the appeal will be overruled.

The next point advanced is that the declaration joins two causes of action in one count, one in tort and the other in contract. Section 2889, Code of 1930, requires that the bonds of all public officials shall be made payable to the state and shall be put in suit in the name of the state for the use and benefit of the person injured thereby. The real basis of the cause of action in the case at bar is the alleged tort of the defendant officer, for which the defendant indemnity company stands as a mere surety. The bond is conditioned for the faithful discharge of all the duties and trusts imposed upon the principal by reason of his election as a member of the board of supervisors, and the surety's liability is measured by that of the principal for torts or acts done by him either by virtue or under color of his office, and there was no error in proceeding against the principal and the surety in one count to recover for the alleged tort liability.

The appellee next contends that the liability of the surety on the bond of McRae was not shown, for the reason that the bond was payable to Rankin county, state of Mississippi, instead of to the state of Mississippi, as required by section 2889, Code of 1930. This bond was executed by the defendant McRae as an official bond and for the purpose of enabling him to qualify as a member of the board of supervisors of Rankin county. Section 197, Code of 1930, requires that "each member of the board of supervisors, before entering upon the duties of his office, shall execute a bond with sufficient sureties, . . . payable, conditioned, and approved as bonds of county officers are required to be; . . ." while section 2889, Code of 1930, requires that bonds of all public officers shall be payable to the state of Mississippi. The bond was executed as an official bond, and was designed by law as security for the faithful performance of all

the duties of the principal as a member of the board of supervisors of Rankin county. Section 758, Code of 1930, provides that: "When a bond . . . shall be executed . . . for the faithful discharge of any duty, it shall inure to the person to whom it is designed by law as a security, and be subject to judgment in his favor, no matter to whom it is made payable, nor what is its amount, nor how it is conditioned. . . ." By this section the bond here in question, which was executed as an official bond, is made to inure to the person to whom it was designed by law as security, and is subject to judgment in his favor just as if it had been properly made payable to the state.

This is not a suit against the sovereign, or against the board or a member thereof as a branch of the state sovereignty, but is one against a member of the board for an alleged tort committed in the performance of a purely ministerial act. In determining the necessity of repairs, or the necessity for a reconstruction of the bridge in question, the board, or the member thereof authorized so to do, exercised a judicial or quasi judicial discretion and judgment, but in tearing down and rebuilding the bridge he was acting in the capacity of a road commissioner engaged in the performance of a ministerial duty.

The methods that may be adopted by a board of supervisors in constructing, reconstructing, and maintaining public roads and bridges of this state are prescribed by section 6381, Code of 1930. Among other methods therein prescribed, it is provided that "the board of supervisors of any county may purchase and hire teams, implements and material, and employ labor, and work, construct, reconstruct and maintain the public roads and build bridges under the direction of a competent road commissioner, to be employed by the board, in its discretion, or under the direct supervision of the board of supervisors; and may do any and all things necessary to be done to work,

construct, reconstruct and maintain the public roads, and build bridges as herein provided.''

Section 6398, Code of 1930, authorizes the board of supervisors, in its discretion, if the board consider it necessary and to the general interest of the county or district, to employ a competent person to serve as road commissioner, whose duty it shall be to supervise the working, constructing, and maintaining of the public roads and building of bridges in such county or a district thereof, and provides that, before entering upon the discharge of his duties, such commissioner shall execute a bond, payable to the state, conditioned for the faithful performance of his duties, and makes him civilly liable on his bond for any damages caused by his neglect of duty or his incompetency. This section also provides that all labor for working, constructing, and maintaining such roads shall be employed by such commissioner, if there be one, and that, if no such commissioner be employed, such labor shall be employed by or at the discretion of the board of supervisors.

It will be noted that under these statutes the employment of a road commissioner is discretionary with the board, and the declaration in the case at bar alleges that no such commissioner was employed in Rankin county or supervisors' district No. 2 thereof, but that the working, constructing, and maintaining of the roads and bridges of this district were placed under the direct supervision and control of the defendant J. W. McRae, as a member of the said board of supervisors.

The case of Lee v. Sills, 95 Miss. 623, 49 So. 259, is cited as having some bearing on the solution of the question here involved. That case arose under the contract system whereunder the statutory duty of the member of the board of supervisors was to ''inspect each section of the road as subdivided, together with all bridges in said section, and carefully note the character and amount of work needed on same, and all else necessary to make a

good and acceptable highway," and in discussing the points there involved the court said:

"We think the extent of his duty as marked out by this section is to inspect the road and the bridges and report to the board of supervisors what improvements are necessary in his judgment to make the highways in his district 'good and acceptable.' He does not have the duty charged upon him of actually repairing the highways. That is for the board as a board to provide for. He does not stand in the attitude of a road overseer under the old law. The road overseer did have the duty of actually repairing the road, and he was furnished means with which to make such repairs. The duties of a supervisor, when he acts, as road commissioner, as he did here under an order of the board, are merely incidental to his duties as supervisor."

In the case at bar, the defendant McRae was charged with the duty of actually repairing the bridge, and in that regard he stands in the attitude of a road overseer, or a statutory road commissioner who is made civilly liable on his bond for damages caused by his neglect of duty or incompetency.

Upon the point here under consideration, it appears that the case of Pierce v. Chapman, 165 Miss. 749, 143 So. 845, is controlling. In that case the suit was against a member of the board of supervisors and the surety on his official bond for damages for an alleged civil trespass on land, committed under color and official sanction of his office of supervisor, and it was held that, in some instances, a supervisor acts as a commissioner, and, where he acts as such under color of his office and by authority of his office, he is liable for any wrong he does by which a citizen is injured. It follows from the views herein expressed that the demurrers to the declaration should have been overruled. The judgment of the court below will therefore be reversed and the cause remanded.

Reversed and remanded.