## JACKSON *v.* GORDON *et al.*

(Division B.   Oct. 14, 1935.)

[163 So. 502.   No. 31806.]

**Alexander & Satterfield**, of Jackson, for appellant.

H. V. Watkins and Butler & Snow, all of Jackson, for appellees.

Anderson, J., delivered the opinion of the court.

Appellant brought this action in the circuit court of Hinds county against appellee L. M. Gordon, a member of the board of supervisors of that county, and the United State Fidelity & Guaranty Company, the surety on his official bond, to recover damages for a personal injury received by him through the negligence of one Northern, alleged to be an employee of appellee Gordon.

The cause was tried on a special plea of appellees, upon which appellant joined issue, and on agreed facts. There was a final judgment in favor of the appellees, from which appellant prosecutes this appeal.

The special plea averred that the negligent act resulting in appellant's injury was the act of Northern and not of appellee Gordon; that Northern was not the employee of Gordon but of Hinds county; that the truck which was the instrument in the hands of Northern causing the injury was not the property of Gordon but of Hinds county.

The agreed facts are as follows:

"That at the time of the accident mentioned in the declaration and prior thereto, the board of supervisors of Hinds county had a gentleman's agreement between themselves, which agreement had been in effect over a long period of time, to the effect that the member of the board of supervisors elected from each supervisors' district should employ or discharge the employees engaged in road work in their respective districts, and at the time of the accident Fred Northern was engaged in working on the road in the fourth district of Hinds county, Mississippi, having prior thereto and pursuant to such gentleman's agreement, been employed by L. M. Gordon, in his capacity as a member of the board of supervisors from the said fourth district, as a truck driver and at the time of the accident was acting pursuant to such employment, and that the actual work performed by the said Northern while he was so employed was confined solely to the construction, maintenance and repair of the roads of the fourth district of said county; that prior to and at the time of the accruing of the cause of action in this case, said Northern was paid monthly by warrant of Hinds county drawn upon the road and bridge fund of the said county with entries upon the minutes of the said board upon the allowance of each of the said warrants in words and figures similar to the following, to-wit:

" 'Acct. 3339 Fred Northern-Road Work (4th Dist. Pay Roll)

" 'P2598 Sec. 6381-$85.00-Warrant 2100.'

"That section 6381 referred to in such allowance was section 6381 of the Code of 1930; that under such section no road commissioner had been appointed for the county or for the fourth district thereof, nor any contract let for the maintenance, reconstruction and repair of the roads of said district; that at the time of the said accident complained of Northern and the plaintiff were engaged in working and repairing a road in the fourth district of the county, and by mutual practice, the working and repairing of roads in said supervisors district was delegated by the board to the said Gordon as a member of the board elected from the said district.

"That at no time did the said L. M. Gordon pay the said Fred Northern with his private and personal funds; that the truck referred to in the declaration herein was owned by Hinds county, Mississippi, and that cost of its operation was paid by the county. That as a general rule, other persons whose services were utilized in the construction, maintenance and repair of the roads of said district were employed and paid in the same manner that Fred Northern was employed and paid, and that the other automobiles, trucks and equipment utilized for said purposes in said district, were owned in the same manner that the said truck was owned. However, the plaintiff was not so employed, but the plaintiff was on the federal relief rolls and the board of supervisors merely made requisition to the federal employment board for the number of men required and the employment board sent a number of men, including plaintiff, to the work, as designated in the requisition, and such men were paid out of such relief funds.

"That L. M. Gordon was not present on the work at the time the accident in question occurred."

For a reversal of the judgment appellant relies largely

upon State for Use of Russell, v. McRae, 169 Miss. 169, 152 So. 826, and Pierce v. Chapman, 165 Miss. 749, 143 So. 845. Neither of those cases is in point. In the McRae case the member of the board sued actually participated in the negligent act, and in the Pierce case the member of the board sued personally directed the wrongful cutting of the trees. In the present case the member of the board had nothing whatever to do with the alleged wrongful act of Northern. Gordon was acting in the capacity of road commissioner for his district; Northern, although employed by Gordon acting as such commissioner, was the servant of the county and not of Gordon. The county was the principal, not Gordon. The governing principles are laid down in A. L. I. Rest. Agency, sec. 358, subsec. 1, as follows:

"(1) The agent of a disclosed or partially disclosed principal is not subject to liability for the conduct of other agents unless he assists them in the performance of a tortious act or directs or permits them to commit it. . . . Illustration: 1. A is employed by P as general manager. B, a servant under the immediate direction of A, is negligent in the management of a machine, thereby injuring T, a business visitor. A is not liable to T."

Those principles are supported by the authorities generally. Story on Agency (9th Ed.), sec. 331.

Appellant relies on the well-established rule in this state, and generally in this country, that a ministerial executive or administrative officer owing a duty to an individual is liable to that individual for the misfeasance, malfeasance, or nonfeasance of his deputy to whom he has confided its performance so long as the deputy acts by color of his office. We do not think that rule has any application to this case. Northern was not the servant of Gordon but of the county. Gordon was a mere instrumentality of the county through which it employed Northern. The truck which was the means of the in-

jury was the property of the county. Northern was paid by the county for his services. The county was therefore the principal and Gordon the mere subagent.

Affirmed.