CITY OF MERIDIAN *et al. v.* BEEMAN.

(In Banc. March 30, 1936. Suggestion of Error Overruled, May 4, 1936.)

[166 So. 757. No. 31979.]

Howard Westbrook, of Meridian, for appellants.

Robert M. Holmes, E. T. Strange and Graham & Graham, all of Meridian, for appellee.

Argued orally by **Howard Westbrook**, for appellant, and by **S. M. Graham**, for appellee.

**Per Curiam:**—Shortly after dark on the evening of October 11, 1933, appellee was traveling along a paved street in the city of Meridian. Appellee was riding a bicycle and was proceeding near the curb of the street and on his right-hand side thereof. O. T. Robbins was a policeman of said city, and was patrolling his beat driving in an automobile. The beat to which he was assigned included the street upon which he was then traveling. He was proceeding at the rate of from twenty to twenty-five miles per hour, and in the same direction as that of appellee. A dog suddenly ran into the street and was struck by the police car, and the policeman looked back to see what had happened to the dog, as a result of which the police car was allowed to get out of control and overtook and ran over appellee and severely injured him.

The above facts are sufficiently supported by the evidence as construed in the light of the verdict, and upon the said statement it is obvious that the question of liability as to the policeman himself was one for the jury, and we find no reversible error upon that issue.

The principal question which has been presented for decision is whether the city is liable. The city relies upon the well-established rule that a municipality is not liable for the negligence of any of its municipal officers, agents, or employees while engaged in the performance of a governmental function or duty, and it is conceded that police duties are purely governmental. Appellee showed in the proof that by virtue of several ordinances of the city each of its policemen is required to constantly note while on his beat, and to report as occasion requires, the condition of bridges, culverts, sewers, drainpipes, streets, and sidewalks, and also as to the condition of all street lights, and also as to any accidents that may have happened in his beat in regard to gas or water works, and the like; and appellee therefore contends that because a policeman patrolling his beat in said city is all the while charged with corporate as well as governmental duties, and that with no more facts than shown in this case, namely, that the policeman at the time of the injury and damage was simply proceeding along his beat in a police car, the courts should not be called upon to attempt the technical task of "unscrambling the mixed relations" in which the city has placed itself in regard to the duties of its police officers in view of the ordinances above mentioned. See Bell v. Pittsburgh, 297. Pa. 185, 146 A. 567, 64 A. L. R. 1542.

The majority of the court is of the opinion that the better and fairer rule is that contended for by appellee, and that as a consequence the verdict and judgment should be upheld also as to the city. The court is not confronted with a case where, at the time, the testimony shows that the police officer was definitely in pursuit of a criminal, or was definitely responding to an emergency call in respect to those duties which are distinctly police in their nature; and this opinion and decision is not to be construed as covering such a case.

The other assignments have been examined, and no reversible error is shown therein.

Affirmed.

DISSENTING OPINION.

**Griffith, J.**, delivered a dissenting opinion.

The law has been so long and so firmly settled that a municipality is not liable for the negligence of its officers, agents, and employees while in the performance of governmental duties, that I think any modification thereof or any declaration which would substantially trench upon the practical operation of the rule should be made by legislative enactment rather than by judicial decision. The duties of a policeman are principally governmental, and such minor duties as were imposed by the ordinances here brought under review in respect to the corporate duties of the policeman were merely incidental or subsidiary. Doubtless such incidental duties are imposed generally upon policemen, throughout this state, as well as in other states. Therefore, as it seems to me, it would be more in accord with the settled principles and philosophy of the law to hold, in such a case as this, when nothing is shown than simply that the policeman was patrolling his beat, that the policeman was engaged in the performance of those duties which are his principal or dominant duties, which are governmental. Otherwise the settled rule in all substantial and practical respects becomes reversed from that so long declared in the law, and is left as a mere shadow or shell, so far as such officers of the city are concerned.

**Smith, C. J.**, joins in the above dissent.