BATES *v.* CITY OF McCOMB *et al.*

(Division B.    March 21, 1938.)

[179 So. 737.    No. 33114.]

F. D. Hewitt, of McComb, for appellant.

Forrest **B. Jackson,** of Jackson, and **Price & McLain,** of McComb, for appellees.

340

Argued orally by **F. D. Hewitt** for appellant and by **Forrest B. Jackson**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant, as administratrix of the estate of Howard Lee Bates, deceased, filed her declaration against the

city of McComb and Mrs. Doll Boyd Winborn as alleged joint tort-feasors, and to state portions in brief and to quote another portion, the declaration charged as follows:

That the city had employed one Thomas as a general employee to perform any and all such duties as should be required of him by the commission council of the city. That the said Thomas was known to the council to be an incompetent, untrustworthy, unsafe, and violent person, yet was so employed, and allowed to go armed and in the performance of police duties, and other duties, without bond.

That on the 16th day of January, 1934, the said Thomas "while in the discharge of his duties required of him by said laws and ordinances, acting within the scope of his authority as an employee agent, and servant of the city of McComb City, Pike county, Mississippi, and in company with Mrs. Doll Boyd Winborn, defendants, and acting together while on an inspection tour and in the discharge of his duties as an inspector of the equipment and appliances of automobiles in the manner and method of parking the same, and handling of said automobiles and waiting on people and in the performance of his duty, and investigation of matters occurring within the corporate limits of said city, went in company with the defendant Mrs. Doll Boyd Winborn, to the home of the said Howard Lee Bates, deceased, on South Magnolia street, in McComb, Mississippi, for the purpose of inspecting said automobile and appliances and for the purpose of getting a bunch of keys belonging to the defendant Mrs. Doll Boyd Winborn, and for the purpose of admonishing him about the rules and regulations governing automobiles in said city, and for the purpose of obtaining information as an employee of the defendant city of McComb City, and while inspecting the lights and brakes of said automobile and getting the keys of the car of the defendant Mrs. Doll Boyd Winborn, and while

so inspecting the lights and brakes of the automobile of Howard Lee Bates, and securing information and investigating the conduct of said Bates, acting within the scope of his employment as an employee of said city, and while acting jointly with the defendant Mrs. Doll Boyd Winborn being aided, assisted and abetted by her, he the said Thomas, agent, servant and employee of the defendant city of McComb City did unlawfully and negligently shoot and kill the said Howard Lee Bates.''

And it is further charged that the city council, with full knowledge of all the facts, subsequently ratified the conduct of said employee.

The defendants separately demurred to the declaration; their demurrers were sustained; plaintiff declined to amend; the action was dismissed, and plaintiff has appealed.

It will be seen from the quoted portion of the declaration that the duties being performed at the time of the alleged tort were in respect to matters pertaining to, or within, the police power of the city. It has been so long settled in this state, as well as in the general law everywhere, as not to be open now to further discussion, that a municipality is not liable for torts of its officers or agents or employees while engaged in that branch of their duties. And it is immaterial that the city was acting under the so-called commission form of government. Bradley v. City of Jackson, 153 Miss. 136, 119 So. 811.

The employment of an incompetent or vicious person, who is subsequently guilty of a tort while at the time engaged in the discharge of a governmental duty, does not make the city liable; nor does the failure to require of him a bond; nor can the city be made liable by ratification, where not liable in the first instance. These propositions are sufficiently stated in 43 C. J. pp. 964-967.

Appellant places some reliance on City of Meridian

v. Beeman, 175 Miss. 527, 166 So. 757, but all that case holds is that where an officer or agent of the city is employed in capacities which are dual in their nature and upon the facts it cannot be told in what capacity the agent is acting at the time of the tort, his agency will be ascribed to that which is corporate rather than governmental. The opinion was carefully guarded so as not to include a case, as is the case here, where the specific facts show that, at the time, the agent or employee was engaged in a governmental function. The demurrer was properly sustained as to the city.

Little is said in the briefs about the demurrer of the other defendant, Mrs. Winborn. We doubt that any distinction was pointed out in the argument before the trial judge. As to Mrs. Winborn, the allegations are in the most general terms: That the tort was unlawfully and negligently committed and that Mrs. Winborn was present and aided, abetted, and assisted therein. Under the common law, the declaration would have been subject to a special demurrer because of want of definiteness in allegation; but special demurrers have been abolished in this state in actions at law, and the defect mentioned can now be reached only by motion.

As stated in 45 C. J. p. 1079, "It is a well established rule that a general averment of negligence in doing or omitting a particular act, unless it is too general to give defendants reasonable notice of the negligence charged, is good as against a general demurrer for want of sufficient facts, or a motion in arrest of judgment, since, under these allegations, the facts constituting the negligence may be shown." And the succeeding section of the text, p. 1080, goes on to state that averments of the particulars of the negligence may be required by motion. The concluding paragraph of the opinion in Hastings-Stout Co. v. J. L. Walker & Co., 162 Miss. 275, 285, 139 So. 622, 624, is therefore to be brought forward as applicable here. The court said: "The demurrer attempted to

raise the point, as one among its causes, that the language of the declaration is vague, indefinite, and ambiguous. Special demurrers are abolished in actions at law, section 553, Code 1930; and it is provided by section 521, Code 1930, that, if the declaration 'contains sufficient matter of substance for the court to proceed upon the merits of the cause, it shall be sufficient.' The remedy in respect to uncertainty and the like is found in sections 554 and 555, Code 1930. Where the declaration shows, though in a general way, a cause of action, but the allegations are indefinite or uncertain so that the precise nature of the complaint is not apparent, the remedy is not by demurrer, but by motion, under the sections of the statutes last cited. Jones v. Millsaps, 71 Miss. 10, 14 So. 440, 23 L. R. A. 155.''

The demurrer by Mrs. Winborn of no stated cause of action as to her should have been overruled.

Affirmed as to the city; reversed and remanded as to Mrs. Winborn.