Anderson Ex Rel., Etc. v. Vanderslice, et al.

No. 41593          January 23, 1961          126 So. 2d 522

*Lawrence D. Arrington, Francis T. Zachary,* Hattiesburg, for appellant.

*M. M. Roberts, James Finch,* Hattiesburg; *John M. Dunnam, Jr.,* New Augusta, for appellees.

■

GILLESPIE, J.

■ ■ This State, along with the overwhelming majority of the others, adheres to the rule that municipalities are immune from liability for the torts of its officers, agents, and employees while engaged solely in matters pertaining to the police powers of the city. Appellant, plaintiff below, concedes this to be the rule but urges this Court to engraft an exception on the rule so as to hold the municipality liable for an unlawful assault and battery committed by an officer while engaged in enforcing the laws of the municipality when the appointing authorities knew at the time of appointing such officer that he had theretofore been convicted of murder, and when, prior to the assault on plaintiff, such officer had been guilty of and been held liable for several other assaults, but was nevertheless continued in the service of the municipality. A similar question was raised in the case of Bates v. City of McComb, 181 Miss. 336, 179 So. 737, and the Court said: "The employment of an incompetent or vicious person, who is subsequently guilty of a tort while at the time engaged in the discharge of a governmental duty, does not make the city liable; . . . ."

The principle of municipal immunity is deeply entrenched and involves profound considerations of policy as well as problems of public finance. While some wri-

ters criticize the doctrine, see 60 A.L.R. 2d 1198, the overwhelming majority of the courts of the several States adhere to the rule. If any change is to be made it should be brought about by legislation so that all aspects of the problem could receive consideration.

In this case, judgment was rendered against the officer who committed the assault, and the surety on his bond. The court held as a matter of law that the municipality was not liable.

▮▮ Appellant contends that the damages of $1,000, which the jury awarded, was inadequate. The evidence was highly conflicting. The jury could have found against appellant on the ground that he was drunk, as he had in fact been on numerous other occasions when he was arrested and fined, and that the officer, Vanderslice, used only such force as was necessary to arrest appellant and take him to jail. On the other hand, it could have found that Vanderslice made an unprovoked assault on appellant justifying a verdict for a very large sum. Also, under the evidence, the jury had a right to find that while appellant was drunk and resisted efforts of Vanderslice to arrest and take him to jail, more force was used than necessary, in which case it was justified in adjusting the damages accordingly; and this is probably what the jury did.

We find no reversible error and the case is affirmed.

Affirmed.

*McGehee, C.J.,* and *Lee, Kyle* and *Rodgers, JJ.,* concur.