PATTERSON, Justice:
Donald A. Berry and his wife Judy Berry brought separate suits against Malcolm N. Warren and the United States Fidelity & Guaranty Company for injuries alleged to have been received by them in an automobile accident. The trial court sustained demurrers to the declarations and the plaintiffs, being aggrieved, have appealed to this Court. Their cases are consolidated for the appeal.
The well-pled allegations of the declarations were of course admitted by the de *285 murrers. They revealed that on the evening of November 22, 1970, the appellants and their children were proceeding in their automobile along Longino Road in Hinds County where, unknown to them, a bridge had collapsed. The Berry automobile crashed into the site of the collapsed bridge to the injury of the appellants.
The declarations charged that Warren, a county supervisor of the district wherein the bridge was located, had willfully and negligently failed to inspect the bridge and this negligence was the direct and proximate cause of the accident in which the appellants were injured. The United States Fidelity & Guaranty Company, the official surety on Warren’s bond, was joined as a defendant.
The issue raised by the demurrers was whether the allegations of the declarations established that the acts of negligence of the supervisor were ministerial so that liability attached or were judicial or quasi judicial so that the. county supersivor was not liable in his individual capacity.
The statute alleged to have been violated appears below. Mississippi Code Annotated section 65-7-117 (1972):
Each member of the board of supervisors shall inspect every road, bridge, and ferry in his district at least every three months in each year, at times to be fixed by the board, and shall file with the clerk of the board a report, under oath, of the condition of the several roads, bridges, and ferries inspected by him, with such recommendations as are needful, which reports shall be kept on file for three years. At least once in each year the entire board in a body shall make a complete and careful inspection of all the public roads and bridges in the county.
In Lee v. Sills, 95 Miss. 623, 49 So. 259 (1909), the Court, in construing Mississippi Code section 4468 (1906), a section of similar import to Section 65-7-117 held that the extent of a supervisor’s duty marked out by that section was to inspect the roads and bridges and report to the board of supervisors what improvements were necessary in his judgment to make the highways of the district “good and acceptable.” The Court then held that the supervisor did not have the duty of actually repairing the highways, this being the duty of the whole board of supervisors.
The appellants argue, however, that Lee, supra, is not applicable to Mississippi Code Annotated section 65-7-117 (1972) inasmuch as that decision construed a statute of 1906 which did not require the inspection by a supervisor to be made at designated times, and therefore, it was discretionary, involving the judicial functions of the board. The contention is made that the present statute designates inspections to be conducted every three months at times to be fixed by the board and therefore it is ministerial rather than judicial and permits liability of the individual.
We think this distinction is tenuous and that the rationale of Lee is applicable to the present issue. Warren’s negligence, admitted by the demurrers, was the failure to inspect and make his recommendation to the board. The liability for this omission apparently is indictment and conviction of a misdemeanor by the provisions of Mississippi Code Annotated section 65-7-119 (1972).
We conclude that the duty of repairing the bridge was within the discretionary functions of the board of supervisors as a whole and Warren’s failure to inspect, though ministerial, was not the proximate cause of the accident for which he would be individually liable. We, therefore, are of the opinion the trial court properly sustained the demurrers to the declarations.
Affirmed.
RODGERS, P. J., and INZER, SUGG and WALKER, JJ., concur.