This is a personal injury negligence case. Suit was filed in the Circuit Court of Simpson County alleging that the defendant negligently struck plaintiff while driving a pickup truck. Defendant answered, denying negligence and pleading the defense of governmental immunity. A motion to dismiss was sustained and suit dismissed with prejudice.
The complaint alleges that Leslie Little negligently drove her pickup truck onto a walkway off of the street and caused personal injury to Rosie Lee Davis. In the answer, Little alleged she was a member of the Simpson County Board of Supervisors, was driving a county-owned vehicle, and was involved at the time of the occurrence in county business. She then invoked the "doctrine of governmental immunity."
The trial judge granted a hearing on the motion to dismiss at which the parties stipulated that the defendant was engaged in county business at the time of the accident. The trial judge then held the doctrine of governmental immunity was applicable and dismissed the suit with prejudice.
The issue presented on appeal is whether the doctrine of governmental immunity was properly invoked on the facts and circumstances of this case.
It is clear that in spite of growing criticism the doctrine of governmental immunity is applicable in Mississippi. Jackson v.Smith, 309 So.2d 520 (Miss. 1975); Twiner v. Jenkins,257 So.2d 488 (Miss. 1972); Anderson v. Vanderslice, 240 Miss. 55,126 So.2d 522 (1961). However, a distinction must be drawn between the doctrine of governmental immunity and the legal principle by which public officers are granted limited immunity from liability under certain factual situations.
Governmental immunity is that doctrine under which the sovereign, be it country, state, county or municipality may not be sued without its consent.[1] Osborn v. Bank of the UnitedStates, 9 Wheat. 738, 22 U.S. 738, 6 L.Ed. 204 (1824).
The immunity of public officials, on the other hand, is a more limited principle, since its purpose is not directly to protect the sovereign, but rather to do so only collaterally, by protecting the public official in performance of his governmental function. Given the more limited function, courts have generally extended less than absolute immunity. The most commonly recognized limitation is the distinction between discretionary acts as opposed to ministerial acts. Under this distinction the official is immune only where that which he does in the performance of his lawful duties requires "personal deliberation, decision and judgment." See Prosser, Law of Torts § 132 (4th ed. 1971).
In the present case the defense was incorrectly characterized in the lower court as the defense of "governmental immunity." Here suit was brought not against the government but a private party, Leslie Little, who happened to be acting in her role as a county supervisor when the injury occurred. In State MineralLease Comm. v. Lawrence, 171 Miss. 442, 157 So. 897 (1934), this Court pointed out that where suit was against governmental officials individually and the state was not a party, nor would the relief demanded require the state to take any affirmative action, the doctrine of governmental immunity was not applicable. The Lawrence case was an action to remove a cloud on title to lands. In State For Use of Russell v. McRae, 169 Miss. 169,152 So. 826 (1934), the cause of action was in tort against a member of the board of supervisors *Page 644 
for negligence. The Court pointedly stated:
 This is not a suit against the sovereign, or against the board or a member thereof as a branch of the state sovereignty, but is one against a member of the board for an alleged tort committed in the performance of a purely ministerial act. (169 Miss. at 179, 152 So. at 828).
On the present facts, Davis brought suit against Little alone. The county is not a party to the suit nor will the relief requested cause the county to take any action or in any way become liable. Thus, the doctrine of governmental immunity is inapplicable on the present facts.
The issue actually presented by the pleadings was whether or not on the facts of the case, Little was entitled to the immunity of a public official in the discharge of her duties. Since the case comes before this Court on a motion to dismiss, the only fact we have going to such issue is the stipulation that "defendant was engaged in county business at the time of the accident."
Little argues that a public official engaged in county business is per se immune from suit. This is not the rule in this jurisdiction. The immunity of a public official is a limited, not an absolute immunity. Since the purpose of the immunity is to protect the official in his decision-making role, we have held the immunity will not apply unless the action involves a discretionary decision-making process. Phrased otherwise, if the action is merely ministerial, there is no immunity. In Poyner v.Gilmore, 171 Miss. 859, 158 So. 922 (1935), this Court said:
 While no inflexible rule can be laid down for determining in every case whether or not an act of a public officer is ministerial or judicial, "The most important criterion, perhaps, is that (if) the duty is one which has been positively imposed by law and its performance required at a time and in a manner or upon conditions which are specifically designated, the duty to perform under the conditions specified not being dependent upon the officer's judgment or discretion. . . ." (171 Miss. at 864, 158 So. at 923).
In the present case, the act for which liability is sought to be imposed is the act of negligently driving a vehicle. Thus, even though engaged in county business, the act of driving a vehicle in a reasonable manner does not involve an official discretionary decision-making process. Therefore, Little is not immune from suit.
A similar but different theory urged by Little is that a supervisor may not be held individually liable for negligence on the part of the board as a whole.
Reliance is placed upon Wray v. McMahon, 182 Miss. 592,182 So. 99 (1938). The Wray case involved suit against supervisors either for failure of the board to take action or for having negligently taken some action. In either event, suit was attempted against supervisors individually for some action or inaction on the part of the board as a whole. The precise holding of Wray was:
. . . that a governmental board or council, in the discharge of the duties imposed by law upon the board or council as such, acts in an official, and not in an individual capacity; and negligence or failure in the exercise of its powers or in the discharge of its duties is the default of the board and not of the individuals composing it, and they are not liable for such neglect or default unless expressly made so by statute. (182 Miss. at 603, 182 So. at 100).
In the case, as with all cases cited by appellee, the suit was an attempt to hold an individual board member liable for some action or inaction of the board as a whole. Such is not the case presented on the facts before this Court. No attempt is made to hold Little liable for some act of the board of supervisors as a whole, but rather for her alleged individual negligence in striking the plaintiff while driving a county-owned truck.
Where a cause of action has been stated based upon the personal fault of a governmental official in the nature of individual tortious conduct, this Court has allowed suit *Page 645 
to proceed. State for the Use of McLaurin v. McDaniel, 78 Miss. 1
(1900) [False arrest by city mayor]; Brown v. Weaver,76 Miss. 7 (1898) [Sheriff shooting an arrestee]; Taggart v.Peterson, 182 Miss. 82, 181 So. 137 (1938) [Assault by police chief]; Williams v. Walley, 295 So.2d 286 (Miss. 1974); [Wrongful taking of property by sheriff and county board of supervisors]; Pierce v. Chapman, 165 Miss. 749, 143 So.2d 845 (1932) [Trespass by county supervisor]; D'Aquilla v. Anderson,153 Miss. 549, 120 So. 434 (1929) [Trespass by Livestock Sanitary Board].
Moreover, we have allowed suit to proceed where the government official was charged with individual negligence. State for Useof Russell v. McRae, supra [Negligent failure of county supervisor to warn of bridge being repaired]; Farmer v. Statefor Use of Russell, 224 Miss. 96, 79 So.2d 528 (1955) [Negligent failure to furnish prisoner with medical care].
In three cases, we have allowed suits against public officials charged with negligence while driving official cars to proceed to trial on the merits, though admittedly without discussion of the issue of the limited immunity of a public official. Jackson v.Smith, 309 So.2d 520 (Miss. 1975) [Negligence of policeman in driving vehicle]; Pool v. Brunt, 338 So.2d 991 (Miss. 1976) [Negligence of sheriff in driving vehicle]; City of Meridian v.Beeman, 175 Miss. 527, 166 So. 757 (1936) [Negligence of city policeman in driving vehicle].
Since the act with which Little was charged did not involve a discretionary decision-making process and was not an act of the board as a whole, the defense of immunity will not lie.
REVERSED AND REMANDED FOR A TRIAL ON THE MERITS.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
[1] But see Monell v. New York City Department of SocialServices, ___ U.S. ___, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) as to suit against local government bodies based on 42 U.S.C. § 1983.