**D.H. DEW, Jr., Plaintiff,**

v.

**ILLINOIS CENTRAL GULF RAILROAD COMPANY, A.E. Chance, Defendants.**

**Civ. A. No. W85–0087(L).**

United States District Court, S.D. Mississippi, W.D.

Sept. 24, 1985.

**154**

Don Barrett, Barrett, Barrett, Barrett & Patton, Lexington, Miss., for plaintiff.

Clifford K. Bailey, III and Kenna L. Mansfield, Jr., Wells, Wells, Marble & Hurst, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion by defendants Illinois Central Gulf Railroad Company (Railroad) and A.E. Chance to dismiss Chance as a defendant. Plaintiff D.H. Dew, Jr. filed timely response to the defendants' motion, and the court has considered the memoranda with attachments submitted by both parties.

Plaintiff alleges that the Railroad negligently designed, constructed and thereafter maintained a bridge over Tcheva Creek in Yazoo County, Mississippi so as to cause log and debris jams with attendant flooding damage to the lands and crops of plaintiff. The action was originally filed in the Circuit Court of Yazoo County against the Railroad and two unnamed Railroad employees. By amended complaint, plaintiff named A.E. Chance and Dean Hopson [1] as the Railroad employees with direct supervisory control over the maintenance of the Tcheva Creek bridge. Plaintiff alleged that Chance and Hopson, both Mississippi residents, were negligent in the performance of their duties, resulting in property damage to plaintiff. The Railroad thereafter removed the action to this court pursuant to 28 U.S.C. § 1441, alleging fraudulent joinder of Chance and Hopson by plaintiff for purposes of defeating diversity jurisdiction. Before any discovery was undertaken, Dew filed his motion to remand. The motion was overruled by the magistrate on the strength of the affidavit of A.E. Chance wherein he denied any immediate supervisory responsibility for the maintenance of the Tcheva Creek bridge. The Railroad's motion to dismiss Chance followed accordingly.

The parameters of a district court's review of a fraudulent joinder claim are well defined in this circuit. Viewing all contested factual allegations and resolving all uncertainties as to the current state of the controlling substantive law in favor of the plaintiff, the court must determine that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court" (emphasis original) before declaring that such in-state defendant was fraudulently joined. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983), *reh. denied*, 714 F.2d 137, *cert. denied*, 464 U.S. 1039, 104 S.Ct. 701, 79 L.Ed.2d 166 (1984); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *Keating v. Shell Chemical Co.*, 610 F.2d 328, 332 (5th Cir. 1980); *Tedder v. F.M.C. Corp., et al*, 590 F.2d 115, 119 (5th Cir.1979). The parties may submit affidavits and deposition transcripts along with their motions, and the court may consider such evidence along with the factual allegations contained in the complaint when determining the issue of fraudulent joinder. *B., Inc.*, 663 F.2d at 549; *Keating*, 610 F.2d at 332. The court is constrained, however, to find that the

---

1. Hopson was subsequently dismissed from the action by agreed order dated July 8, 1985.

in-state defendant was properly joined and that there is incomplete diversity where "there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff." *B., Inc.*, 663 F.2d at 550.

■ Affidavits and deposition testimony submitted with the memoranda in the instant cause raise a significant issue of fact relating to Chance's supervisory responsibility over the maintenance of the Tcheva Creek bridge.[2] Correspondingly, while it is clear under Mississippi law that a railroad is liable for damage caused by the obstruction of a natural watercourse by a railroad line, *New Orleans N.E.R. Co. v. Burdette*, 183 So. 915 (Miss.1938), it is not clear that a railroad employee who is negligent in failing to perform or in performing an undertaken task is never individually liable to any person injured thereby.[3] Under the stringent test for fraudulent joinder applied in this circuit and resolving all contested factual and legal issues most favorably to the plaintiff, this court cannot conclude that there is no possibility that Dew would be able to establish a cause of action against Chance in a Mississippi court. The defendants have not met their burden of proving fraudulent joinder in this case.

It is, therefore, ordered that defendants' motion to dismiss A.E. Chance is denied. It is further ordered that this cause be remanded to the Circuit Court of Yazoo County, Mississippi because the retention of Chance in the case destroys complete diversity of citizenship between the parties and deprives this court of subject matter jurisdiction.

---

**2.** Defendants forcefully assert that Chance, as engineering superintendent of the Railroad's entire southern district, had only the broadest supervisory control over maintenance of the Tcheva Creek bridge and that a railroad building and bridge supervisor, C.F. Cantrell, had direct responsibility for maintenance and repair of the bridge, including removal of drift accumulation. The court notes, however, deposition testimony of both Chance and Cantrell to the effect that removal of the drift and debris from the Tcheva Creek bridge was eventually accomplished by a private contractor, Vaughn Construction Company; that Chance signed the contract on behalf of the Railroad; and that Cantrell had no responsibility for drift removal on contract jobs.

**3.** Defendant analogizes Chance's position in relation to Dew with that of a county supervisor charged by statute with maintenance and repair of county roads, who is sued by a plaintiff injured through negligence in maintenance and repair of a road. Mississippi law limits the supervisor's liability to tasks he personally undertakes, which, when done negligently, proximately cause the plaintiff's injury. *Lee v. Sills*, 95 Miss. 623, 49 So. 259 (1909), *Jackson v. Gordon*, 173 Miss. 759, 163 So. 502 (1935); *Berry v. Warren*, 304 So.2d 284 (Miss.1974). The court is not convinced that such analogues, though useful, clearly preclude the cause of action asserted by Dew against Chance. Chance's liability, if any, does not arise by statute; nor is Chance's alleged liability totally passive in nature in light of the fact that he contracted on behalf of the Railroad to remove the debris from Tcheva Creek Bridge.