REESE *et al. v.* ISOLA STATE BANK.*

(Division A.   Oct. 26, 1925.)

[105 So. 636.   No. 25112.]

1. SCHOOLS AND SCHOOL DISTRICTS. *Members of board of trustees of public school, discharging duties imposed on board, held not responsible individually for negligence in discharging such duties.*

The members of the board of trustees of a public school, when discharging the duties imposed upon the board, act in their official and not individual capacity, and are not responsible individually to third persons for negligence in discharging such duties.

2. SCHOOLS AND SCHOOL DISTRICTS. *Members of board of trustees of public school, causing warrants to be issued on county treasury to pay for lumber for school, and directing county treasurer not to pay warrants, held not liable to innocent purchaser for value of warrants.*

Where members of the board of trustees of a public school, acting in their official capacity, cause warrants on the county treasury to be issued for the payment of lumber purchased by them for the school before the lumber was delivered, and thereafter the payment of the warrants was refused by the county treasurer at the request of the trustees, for the reason that the lumber had not been delivered, the trustees are not liable to an innocent purchaser for value of the warrants, although they may have been negligent in directing their issuance.

*Headnotes 1.   Schools and School Districts, 35 Cyc., p. 910; 2. Schools and School Districts, 35 Cyc., p. 910.

APPEAL from circuit court of Sunflower county.
HON. S. F. DAVIS, Judge.

Action by the Isola State Bank against W. P. Reese and others, trustees of the Wade Consolidated School District, and the Wade Consolidated School District. Judgment for plaintiff, which was afterward set aside as to the school district, and the trustees appeal. Reversed, and cause dismissed.

*W. P. Searcy,* for appellants.

The proposition is whether or not these appellants, who were the trustees of the Wade consolidated school district, and who acted within the scope of their authority, should be called upon to respond to a judgment of the court against them individually for their acts, made within the scope of their authority, and for and on behalf of the said Wade consolidated school district. This is settled by *Pidgeon Thomas Iron Co.* v. *Leflore Co.,* 99 So. 677.

The statute creating the agricultural high schools confers upon the trustees the control and management of said schools, but nowhere inflicts upon them individual liability for any of their acts, and we submit, under the decision of *Pidgeon Thomas Iron Company* v. *Leflore County, supra,* that the said rule of law would apply to the trustees of the Wade consolidated school district. See also *Nabors, et al.* v. *Holly Bluff Consolidated School District,* 100 So. 117. Therefore, we see from this line of authority that this matter has already been adjudicated by this court, both as to the liability of the Wade consolidated school district, and as to the trustees individually.

In the issuance of their order to the superintendent of education the trustees were acting for and on behalf of the Wade consolidated school district, and upon the representation made to them by Meadows that the material had been shipped, and was in transit, and that he needed the pay certificates to pay out the lumber upon its arrival. They were justifiable in the issuance of the order and not negligent or careless in the issuance of the same, but granting for argument's sake that said order should not have been given until said material had been delivered, then they were not liable for the reason that in issuing said order they were acting for and on behalf of the Wade consolidated school district, and not as individuals, and that those dealing with them recognized this fact, and since the Wade consolidated school district

cannot be sued and is not liable for said obligations, neither are the trustees, the appellants here.

*Everett & Forman,* for appellee.

Will the conduct of the trustees in causing warrants to be issued and circulated through the regular business and banking channels, into the hands of innocent purchasers, make them individually liable? In the case before the court we find that the trustees of a consolidated school are, by statute, custodians of the school property, and shall have charge of erecting, repairing, or the equipment of buildings, and are authorized to write orders to the clerk of the municipality, or the county superintendent, to issue warrants and pay certificates on any available school funds of such school district. Section 3488, Hemingway's Code.

Here the trustees of this school contracted for the delivery of the lumber by Meadows, issued an order in writing to the county superintendent, directing him to issue warrants for the payment of the same, and these warrants were issued on that written order of the trustees, made payable to the Isola Lumber Company, and by it transferred to the appellee and the money paid by the appellee to Meadows, for the warrant sued on was used by him in paying for the lumber which the Wade consolidated school district used in its building.

That being true we think that this case falls squarely within *McClure Brothers* v. *School District of Tipton, et al.,* 79 Mo. App. 80. Therefore, we submit that the lower court was wrong in setting aside the judgment against the school district, and that after having used the lumber, and after having had the warrants issued and allowed them to remain outstanding for five or six months, it cannot repudiate the warrants and it should be required to pay them.

Certainly the trustees who directed the issuance of these warrants, knowing that the lumber had not been

received as they testified, should not be permitted to commit a fraud of this character without personally paying for the damages which have been innocently sustained by others by reason of their act.

SMITH, C. J., delivered the opinion of the court.

The appellee sued the Wade consolidated school district and the trustees thereof in the court below on two warrants for five hundred dollars each issued by the county superintendent of Sunflower county to the Isola Lumber Company on the order of the trustees of the school district for lumber purchased by the district from the Isola Lumber Company. These warrants were purchased by the appellee from the Isola Lumber Company for value, and, when presented to the treasurer of the county, payment thereof was refused by him by direction of the trustees of the school district.

When the case came on for trial, a judgment was rendered for the appellee for the amount sued for against the school district and the trustees thereof individually. Afterwards, and before the expiration of the term of court, the judgment against the school district was set aside on the ground, according to the briefs of counsel, that the statute does not authorize suits against school districts. *Ayres et al.* v. *Board of Trustees of Leake County Agricultural High School,* 134 Miss. 363, 98 So. 847. The judgment against the trustees of the district individually was allowed to remain in force and they have brought the case to this court.

The evidence on which the judgment against these trustees is sought to be supported is in substance that the trustees of the district ordered something over one thousand nine hundred dollars worth of lumber from the Isola Lumber Company, and, on the representation of the lumber company that the lumber had been shipped and was then in transit, the trustees issued a written order to the county superintendent to issue and deliver to the

Isola Lumber Company a warrant on the county treasurer therefor.  The warrants here sued on were issued by the county treasurer pursuant to this order.  The trustees afterwards discovered that the lumber had not been shipped, whereupon they notified the treasurer not to pay the warrants, which in the meantime had been sold to the appellee by the Isola Lumber Company.  It seems from the evidence that afterwards a portion of the lumber ordered was delivered by the Isola Lumber Company to the school district.

The ground on which it was sought to hold the trustees individually liable for the amount of these warrants is that they were negligent in directing the issuance of the warrants for the lumber before it was delivered, which negligence of the trustees has resulted in the purchase by the appellee in good faith of warrants which he cannot enforce against the school district.

In directing the county superintendent to issue the warrants, the trustees of this school district were acting in their official capacity as members of the board of trustees of the Wade consolidated school district, and their act in so doing was the act of the school district and not of the trustees individually; and, conceding for the sake of argument that they were negligent in directing the issuance of the warrants, they are not liable to the appellee for any damage he may have sustained thereby. The case in this respect is ruled by *Pidgeon Thomas Iron Co.* v. *Leflore County,* 135 Miss. 155, 99 So. 677.

The judgment of the court below will be reversed, and the case will be dismissed in so far as it affects these appellants.

*Reversed, and cause dismissed.*