# Walton *et al. v.* Colmer, Dist. Atty.

(Division B. April 10, 1933. Suggestion of Error Overruled June 5, 1933.)

[147 So. 331. No. 30473.]

(Division B. June 5, 1933.)

[148 So. 635. No. 30473.]

For former opinion, see 147 So. 331.

**U. B. Parker,** of Wiggins, and **J. A. Covington, Jr.,** of Meridian, for appellants.

**Buren Broadus,** of Wiggins, and **W. D. Conn, Jr.,** and **E. R. Holmes, Jr.,** Assistant Attorneys-General, for appellee.

Briefs of counsel not found.

**Ethridge, P. J.,** delivered the opinion of the court.

W. M. Colmer, district attorney of the circuit court district in which Stone county is a part, brought suit against the appellants, who constitute the board of supervisors of said county, and the United States Fidelity & Guaranty Company, surety on their official bonds, for the recovery of county funds placed in a certain bank which had been selected by the board of supervisors as a county depository, but which had never qualified by furnishing security for said funds and having a commission issued to it.

The board of supervisors passed an order selecting such depository, and, notwithstanding the failure of the bank to qualify, the funds were placed in such bank; subsequently this bank became insolvent and was taken over by the state banking department for liquidation, and, at the time it was so taken over, the county funds therein amounted to approximately fifty thousand dollars.

The appellants demurred to the declaration principally on the ground that they were a judicial body and not subject to damages for negligence in the performance of their official duties, and contended that they were only liable on their bonds for the money they should expend on objects which were not authorized by law. This demurrer was overruled, and there was a trial on the merits, and judgment was rendered for the appellee.

In dealing with a matter involving county depositories, the board of supervisors is under duty, as to which it has no discretion, to make advertisement as required by law, and to see that security agreed to be furnished the county for funds placed in banks is furnished. In these matters, the duty is ministerial, and not judicial. It is true that, when securities of the kind mentioned in the statute are offered, the board of supervisors has discretion to be exercised as to the value of these securities, but said board has not discretion about requiring security to be furnished to the county for funds placed in certain banks. Powell v. Board of Sup'rs of Tunica County, 107 Miss. 410, 65 So. 499, 501, Ann. Cas. 1916B, 1262. In that case the court held that "The selection of a bank does not complete its creation as a county depository. This is only accomplished by the depositing of the securities, which is followed by the issuance of a commission showing its qualification as depository to receive and disburse funds in amount not exceeding a sum stated."

Section 4346, Code 1930, dealing with the making of a depository and having securities furnished, among other things, provides that: "No bond shall be accepted as security except for its market value, and if at any time, the securities which may be deposited shall depreciate in value, the board shall have the right to demand other and different security, and a failure on the part of the depository to deposit the additional security when demanded shall forfeit its rights as a depository,

and all county funds in its hands shall be immediately returned to the county treasurer. The board of supervisors shall have the right to reject any and all bids where, in the opinion of the said board the security offered is not sufficient.''

Section 4350, Code 1930, requires the depositories, when created, to make detailed reports to the board of supervisors at the January, April, July, and October meetings of said board ''of all moneys received by it and of the disbursement thereof, so that said receipts and disbursements shall clearly and distinctly appear.'' This section also provides that, if any depository fails or neglects to make such report, it shall forfeit the sum of two hundred fifty dollars to be recovered by suit in the name of the county for its use.

Boards of supervisors thereby are charged with the duty of seeing that securities are furnished. There is no discretion about this duty. When securities are tendered, they, of course, have discretion to judge as to their value, but not as to requiring the depositories to furnish securities.

By section 2888, Code 1930, the condition of official bonds, after a recital of offenses, etc., is that, ''if he shall faithfully perform all the duties of said office during his continuance therein, then the above obligation to be void.''

Of course, if the board were not discharging the duties of a ministerial office, but a judicial one, they would not be liable to the state or other persons for injury resulting therefrom.

Under section 2889, Code 1930, these official bonds can be put in suit in the name of the state for the use and benefit of any person injured by the breach thereof.

The line of cases relied upon by appellant holds that, where duties are discretionary, about which reasonable minds might differ, there is no liability. In other words, there is no liability for judicial or quasi judicial acts.

These cases are sound on their facts, but are not applicable to the case at bar.

Had the board of supervisors required securities, and the securities had proven inadequate, there, of course, would be no liability.

The cases relied on by appellant clearly establish that, where acts are ministerial, there is liability for nonperformance of duty, as well as for improper performance of duty.

Boards of supervisors have both ministerial and judicial duties to perform. If they acted in a judicial capacity, they are not liable, but, if they refused to act, and injury resulted from such refusal or negligence, recovery may be had upon their official bonds.

We find no reversible error in the trial of the cause, and the judgment of the court below will therefore be affirmed.

Affirmed.

**Anderson, J.,** delivered the opinion of the court, on suggestion of error.

Appellant insists that the opinion handed down in this case is in direct conflict with Pidgeon Thomas Iron Co. v. Leflore County, 135 Miss. 155, 99 So. 677. That was a suit by a private individual on his own behalf, not a suit on behalf of the public, as is the case in hand. The court held that in the absence of a statute imposing individual liability upon the members of the board of supervisors for their defaults there was no liability. To the same effect is Reese v. Isola State Bank, 140 Miss. 355, 105 So. 636. That was a suit by an individual in his own behalf against the school trustees.

In the present case we have a suit by the district attorney on behalf of the county—the taxpayers of the county. It is a public suit, not a private suit. Section 197 of the Code 1930, is in this language:

"Each member of the board of supervisors, before entering upon the duties of his office, shall execute a bond with sufficient sureties, but neither of them shall be surety for the other, payable, conditioned, and approved as bonds of county officers are required to be, in a penalty equal to five per centum of the sum of all the state and county taxes shown by the assessment rolls and the levies to have been collectible in the county for the year immediately preceding the commencement of the term of office of said member; and such bond shall be a security for any illegal act of such member of the board of supervisors, and recovery thereon may be had by the county for any injury by such illegal act of such member; or any taxpayer of the county may sue on such bond, for the use of the county, for such injury, and such taxpayer shall be liable for all costs in case his suit shall fail."

It will be observed that the bond provided for "shall be a security for any illegal act of such member of the board of supervisors, and recovery thereon may be had by the county for any injury by such illegal act of such member." It would be hard to conceive of a case com'ng more plainly within the intent and purpose of the statute than this case.

Suggestion of error overruled.