WRAY *v.* McMAHON *et al.*

(Division A. June 20, 1938.)

[182 So. 99. No. 33182.]

Gardner, Denman & Everett, for Greenwood, for appellants.

**A. H. Bell** and **R. C. McBee,** both of Greenwood, for appellees.

Argued orally by **F. E. Everett Jr.**, for appellant, and by **A. H. Bell**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Appellant sued the Mayor and Commissioners and Chief of Police of the City of Greenwood, and two policemen employed at the time by the city, for an alleged unwarranted, unprovoked, and dangerous assault and battery committed by the said two policemen upon appellant. The declaration after the appropriate allegations as to the official stations of the defendants averred as follows:

"It was the official duty of said Mayor and Commissioners to use due care to select and appoint suitable and proper persons as policemen for said City of Greenwood, and it was also the official duty of said Chief of Police to advise with and recommend to said Mayor and Commissioners suitable and proper persons to act as policemen for said City of Greenwood.

"Pursuant to said duty and while acting under color of their officers and while performing by virtue of said

offices said G. L. Ray, Mayor, Sam H. Montgomery, and E. O. Simmons, Commissioners, and R. L. Miller, Chief of Police, on the 2nd day of July, 1935, selected and appointed said Tom McMahon a policeman of said City of Greenwood, the Mayor and Commissioners all voting 'Yea' for said appointment, and on the 17th day of March, 1936, selected and appointed said Walter Shurden as policeman to serve in the police department of said City of Greenwood, the Mayor and Commissioners all voting 'Yea' for said appointment.

"At the time of each of said appointments said Mayor and Commissioners and Chief of Police each knew or should have known by the exercise of reasonable care that said Tom McMahon and Walter Shurden were unsuitable and improper persons to serve as policemen," and the declaration continues with more particular averments of the unfitness of said policeman, followed by the general allegation that the Commissioners and Chief of Police were grossly, wantonly, and wilfully negligent, careless, reckless and indifferent in the performance of their official duties in making said appointments.

The declaration thence continues with elaborate averments to the effect that thereafter said two policemen, while acting as such, made a violent and brutal assault and battery upon appellant with police clubs, seriously injuring him, all without any reason or cause whatever, it being averred that, among other injuries, appellant's eardrum was ruptured resulting in a permanent impairment of his hearing. It is not necessary to pursue the declaration further than to say that its averments are ample to state a cause of action against the two policemen, who are among the parties defendant.

Taking up the first main question, whether the declaration states any cause of action against the Mayor and Commissioners: It is at once to be noted in this connection that the appointment of policemen is vested by statute solely in the mayor and commissioners acting as a governmental body, and not in any of them as in-

dividuals. This court, by several decisions heretofore rendered, has firmly committed itself to the rule, which generally prevails, that a governmental board or council, in the discharge of the duties imposed by law upon the board or council as such, acts in an official, and not in an individual capacity; and any neglect or failure in the exercise of its powers or in the discharge of its duties is the default of the board and not of the individuals composing it, and they are not liable for such neglect or default unless expressly made so by statute. State v. Forbes, 179 Miss. 1, 174 So. 67; Reese v. Isola State Bank, 140 Miss. 355, 105 So. 636; Pidgeon Thomas Iron Co. v. Leflore County, 135 Miss. 155, 99 So. 677, and the cases cited in those opinions.

In the Forbes Case, supra, the court called attention to the fact that in some jurisdictions an exception has been engrafted upon the rule so as to hold a member of such a board or council individually liable when his wrongful conduct as a member has been one of active commission rather than omission. Our court there expressly declined to commit itself upon the stated exception, and we express no opinion on it here. We are not required to do so, for the reason that the only allegation in the declaration upon which such a proposition could be advanced is that the mayor and commissioners at the time of the appointment knew of the alleged unfitness of the appointees. The question whether this allegation of actual knowledge is sufficient to bring the issue within the above mentioned asserted exception to the general rule is not before us, because the allegation of actual knowledge is immediately followed by the alternative or disjunctive allegation, "or should have known by the exercise of reasonable care," which latter is plainly an allegation of no more than negligence by omission.

Throughout the judicial history of this state, it has been the firm rule that on demurrer, the challenged pleading is taken strongest against the pleader. It follows in-

escapably from that rule that when an averment in a declaration is in the alternative or disjunctive and one of the alternatives if standing alone would show a cause of action, while the other alternative if standing alone would not state a case, the court on demurrer must consider the pleading according to that alternative which is against the pleader and in favor of the demurrant. Perry v. Standard Oil Co., D. C., 15 F. Supp. 563; 21 R. C. L., p. 451; 49 C. J., p. 97 et seq. The separate demurrer of the Mayor and Commissioners was, therefore, properly sustained.

The second question is whether any case has been stated against the Chief of Police. As already mentioned, the power and authority to appoint policemen rests solely with the Mayor and Commissioners. All that the Chief of Police could do would be to recommend or advise, and in any event if he is to be held liable for such advice and recommendation, it must be expressly averred in terms of fact, and not left to mere inference, that his recommendation or advice was actually an efficient factor in the improper appointments. No such allegation is found in the declaration, and, therefore, the separate demurrer of the Chief of Police was properly sustained, not to mention other grounds upon which the same result, as to him, would follow.

The third question, whether a cause of action was stated against the two policemen, we have already answered in the affirmative. Their separate demurrers should have been overruled. In this respect compare Bates v. McComb (Miss.), 179 So. 737.

The answers to the three stated questions make it unnecessary to discuss the other matters put forward in the briefs.

Affirmed in part; reversed in part and remanded.