Roosevelt COLE, and all others similarly situated, Plaintiffs,

v.

Forrest TUTTLE, Sheriff of Panola County, Mississippi, et al., Defendants.

No. DC 73-73-S.

United States District Court,
N. D. Mississippi,
Delta Division.
Nov. 27, 1973.

Lewis Myers, Jr., North Mississippi Rural Legal Services, Oxford, Miss., Johnnie E. Walls, Jr., Charles Victor McTeer, Mound Bayou, Miss., Willie Bailey, North Miss. Rural Legal Services, Greenwood, Miss., John L. Walker, Jr., Johnson & Walker, David Lipman, Miss. Prisoners' Defense Commitee, Jackson, Miss., for plaintiffs.

Will A. Hickman, Sumners & Hickman, Oxford, Miss., Charles C. Finch, Batesville, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action is before the court on motion to dismiss filed by Horace Mathews, Bill Knox, J. B. Anderson, Nick Aldridge and James Travis, members of the Board of Supervisors of Panola County, Mississippi. These defendants are sued both individually and in their official capacities as members of the Board. The only other defendant is Forrest Tuttle, Sheriff of Panola County, Mississippi, who is sued individually and in his official capacity as Sheriff of the county. At the hearing on the motion before the court, Tuttle, who was present in person and by counsel, moved the court, ore tenus, for permission to join in the motion. This request, at the time, was denied.

Roosevelt Cole, a black male, brings this action in his own behalf and on behalf of all black inmates now or hereafter incarcerated in the Panola County jail who are unable to make bond and are being held for trial.

At the time of the filing of the complaint Cole was incarcerated in the jail awaiting trial on a criminal charge made against him by state authorities.

Cole complains of unsanitary and unsafe conditions in the jail, the absence of fair procedures therein; the imposition of physical abuse and summary punishment; practices denying political and religious freedom; inadequate medical attention; practices, procedures and policies which deny Cole and the members of the class sought to be represented by him the right to a fair trial; lack of recreational, educational and rehabilitation facilities; denial of essential communication because of poverty; inadequate diet and faulty distribution of food; the trusty system employed by the jailer who is in charge of the jail; and racially discriminatory practices against black inmates.

Jurisdiction is alleged to exist by virtue of 28 U.S.C. §§ 1331, 1343(3), (4) and 2201. Cole contends that a right of action exists against the members of the Board of Supervisors, in their official and individual capacities, pursuant to 42 U.S.C. §§ 1981, 1982 and 1983, and the First, Fourth, Sixth, Ninth, Thirteenth and Fourteenth Amendments to the Constitution of the United States.

The named plaintiff is no longer incarcerated in the Panola County jail, having been released from confinement after bringing this action.

The defendants, members of the Board of Supervisors, contend that they are not amenable to suit in this action, either in their official capacities as members of the Board of Supervisors, or as individuals. They seek dismissal of the action on the pleadings which have been filed herein.

It can be stated beyond peradventure that the Board of Supervisors, as such, is not a "person" within the meaning of 42 U.S.C. § 1983,[1] and does not come within the ambit of said section. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492, 507; Roberts v. Williams, 302 F.Supp. 972, 981, footnote 14 (N.D.Miss.1969), aff'd (rev'd) on other grounds, 456 F.2d 819 (5th Cir. 1972) cert. denied, 404 U.S. 866, 92 S.Ct. 83, 30 L.Ed.2d 110 (1971); Hill v. City of El Paso, Texas, 437 F.2d 352 (5th

1. 42 U.S.C. § 1983 provides:
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress.

Cir. 1971); Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Board of Supervisors is outside the ambit of Section 1983 for purposes of equitable relief as well as for damages. City of Kenosha v. Bruno, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973).

Plaintiff did not sue the Board of Supervisors, as a board, but named each member thereof as a defendant individually and in his official capacity as a member of the board.

Plaintiff seeks to impose liability upon each defendant supervisor because of his failure to comply with the provisions of Mississippi Code, 1972 Ann. § 19–5–1, which provides:

> At least once in every three months, and as often as it may think proper, the board of supervisors shall examine into the state and condition of the jail, in regard to its safety, sufficiency, and accommodation of the prisoners, and from time to time take such legal measures as may best tend to secure the prisoners against escape, sickness, and infection, and have the jail cleansed. If it shall appear from such examination that the sheriff has neglected his duty in the manner of keeping the jail, or keeping and furnishing the prisoners, the board shall fine him, as for a contempt, in any sum not exceeding one hundred dollars.

■ It is to be noted that the duty created by Section 19–5–1, is imposed upon the Board of Supervisors, and not upon each individual member. The individual supervisors are to act as a board in carrying out the directive of the statute.

Mississippi statutes place the primary responsibility of keeping the prisoners of the county and operating and maintaining the county jail on the sheriff of the county, an elective as distinguished from an appointive office. For particulars as to the sheriff's duties in this regard, see Mississippi Code, 1972 Ann. §§ 19–25–69, 19–25–71 and 47–1–59.

The complaint does not charge any member of the Board of Supervisors with an individual act or omission having a causal connection with the numerous complaints made by plaintiff as to the maintenance and operation of the jail, or the treatment visited upon the inmates thereof. The most that can be said about the complaint is that it contains charges that the defendant supervisors, as a board, failed or neglected to discharge the duties prescribed by Section 19–5–1 and to examine, at least once in every three months "into the state and condition of the jail, in regard to its safety, sufficiency, and accommodation of the prisoners, and from time to time take such legal measures as may best tend to secure the prisoners against escape, sickness, and infection, and have the jail cleansed."

■ The court is of the opinion that the rule which is controlling on the issue of individual or personal liability of the defendant members of the Board of Supervisors is the rule enunciated by the Mississippi Supreme Court in Wray v. McMahon, 182 Miss. 592, 182 So. 99, 100 (1938):

> This court, by several decisions heretofore rendered, has firmly committed itself to the rule, which generally prevails, that a governmental board or council, in the discharge of the duties imposed by law upon the board or council as such, acts in an official, and not in an individual capacity; and any neglect or failure in the exercise of its powers or in the discharge of its duties is the default of the board and not of the individuals composing it, and they are not liable for such neglect or default unless expressly made so by statute.

This rule was adopted as the controlling rule of law by Chief Judge Wm. C. Keady of this court in his disposition of Roberts v. Williams, 302 F.Supp. 972, 983 (N.D.Miss.1969), and his action in that regard was affirmed by the Fifth Circuit on appeal. Roberts v. Williams, *supra*, 456 F.2d at 829, 830.

Plaintiff's right, if any he in fact has, to seek the performance of the duties imposed upon the Board of Supervisors by Section 19–5–1 is not such a right as could be characterized as arising under the Constitution, laws, or treaties of the United States so as to give this court jurisdiction of the action sub judice under 28 U.S.C. § 1331(a). The rights, if any, are not protected or guaranteed by the Constitution of the United States or any amendment thereto.

The court is of the opinion and so finds that the complaint does not state a cause of action upon which relief can be granted against the individual members of the Board of Supervisors.

The court will enter an order dismissing the complaint as against the members of the board, individually and in their official capacities as members thereof.