**Roosevelt COLE, and all others similarly situated, Plaintiffs-Appellants,**

**v.**

**Forrest TUTTLE, Sheriff of Panola County, Mississippi, Individually and in his official capacity as Sheriff of Panola County, Mississippi, and his agents, subordinates and employees, Horace Mathews, Bill Knox, J. B. Anderson, Nick Aldridge and James Travis, Individually and in their official capacities as members of the Board of Supervisors of Panola County, Mississippi, Defendants-Appellees.**

No. 75–4139.

United States Court of Appeals, Fifth Circuit.

Sept. 28, 1976.

David M. Lipman, Washington, D.C., Lewis Myers, Jr., Oxford, Miss., John L. Walker, Jr., Jackson, Miss., John E. Jackson, Jr., Oxford, Miss., Ronald Reid Welch, Jackson, Miss., for plaintiffs-appellants.

M. Collins Bailey, Thomas W. Belleperche, Batesville, Miss., Will A. Hickman, Sumners, Hickman & Rayburn, Oxford, Miss., for defendants-appellees.

Before RONEY, GEE and HILL, Circuit Judges.

**BY THE COURT:**

Appellee members of a county Board of Supervisors in Mississippi, previously dismissed from this action brought by appellants to correct alleged abuses in the county prison system, claim we lack subject-matter jurisdiction over them because appellants failed to file timely notice of appeal. We agree and dismiss appellants' claim against appellees.

■ Appellants filed suit in mid-1973 against appellees and others. In November 1973, the district court entered an interlocutory order dismissing these appellees from the case.[1] The cause continued to trial, and on October 30, 1975, the trial court entered two orders, one denying injunctive relief to appellants and another refusing to grant them attorneys' fees. On November 10, appellants filed notice of appeal from the order denying injunctive relief. On November 18, appellants filed another notice of appeal, this time challenging both October 30 orders.[2] Each notice specifically referred to an order or orders of October 30, 1975, neither referred to the 1973 order dismissing appellees, and neither was sent to any of these appellees. Finally, on December 15, 1975, the lower court entered an order terminating this litigation. No further notices of appeal were filed. In their brief, however, filed in May 1976, appellants not only raised the issues presented by the two October orders but also sought to challenge the lower court's 1973 dismissal of appellees.

■ Even though the October order denying injunctive relief was an appealable interlocutory order under 28 U.S.C. § 1292(a) (1970), the judge's 1973 order dismissing appellees was interlocutory and thus was not appealable until the litigation ended in December 1975. Appellants claim 28 U.S.C. § 1291 (1970) jurisdiction over the 1973 order under the authority of *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973), which held that while an order dismissing claims against one of several defendants is not a "final judgment,"[3] a notice of appeal filed after that dismissal will give the appellate court section 1291 jurisdiction when the litigation has terminated prior to disposition of the appeal. But appellants never gave notice that they were appealing the November 1973 dismissal. The sole notices given to anyone specified that the appeal was from other orders only, entered long after these appellees had departed the case. This failure to file a notice of appeal of the dismissal of appellees distinguishes *Jetco* and is fatal to appellants' objection to the 1973 order. F.R.A.P. Rule 3(c) requires a notice of appeal to designate the "judgment, order or part thereof appealed from." No timely appeal having been taken from the December 15, 1975 judgment, insofar as it may incorporate the November 1973 dismissal, appellants' claim against appellee members of the County Board of Supervisors is

**DISMISSED.**

---

1. *Cole v. Tuttle,* 366 F.Supp. 1252 (N.D.Miss. 1973).

2. On the previous day, appellants had filed a motion for certification to appeal under 28 U.S.C. § 1292(b) (1970) on the two questions ruled on by the lower court in its two October 30 orders. The lower court certified appellants appeal on the same day, but appellants failed to file their application with this court within the ten-day time limit required by section 1292(b) and Rule 5(a), Fed.R.App.P. Failure to file within the prescribed time is a jurisdictional defect, *Alabama Labor Council v. Alabama,* 453 F.2d 922 (5th Cir. 1972), as appellants appear to concede.

3. In a multiparty suit a judgment is not final unless it adjudicates the claims or the rights and liabilities of all the parties or expressly determines that there is no just reason for delay and expressly directs the entry of a judgment. Rule 54(b), Fed.R.Civ.P.; *see Foret v. McDermott,* 484 F.2d 992 (5th Cir. 1973); *Jetco, supra* at 1231.