Robert B. HARDY, et al., Plaintiffs-Appellants,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY et al., Defendants-Appellees.

No. 78–3515
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

July 25, 1979.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Hunter M. Gholson, Columbus, Miss., for plaintiffs-appellants.

Threadgill & Smith, William J. Threadgill, Columbus, Miss., for defendants-appellees.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

This appeal must be dismissed for lack of jurisdiction because it appears from the record that appellants failed to file a timely notice of appeal.

On September 27, 1978 the district court entered a final judgment dismissing the complaint without prejudice to plaintiffs' right to seek relief in a proper forum.

On October 3, 1978 plaintiffs filed a Motion for Relief from Judgment seeking "relief on grounds provided under Rule 60(b), Federal Rules of Civil Procedure." The single ground asserted was that the "judgment was entered due to the excusable neglect of the parties and their legal representatives."

On October 10, 1978 the district court entered an order dated October 6 denying the motion on the ground that the failure of plaintiffs to respond was not the basis of the judgment of dismissal.

On November 7, 1978 a notice of appeal, dated October 30, 1978, from the "Order of September 27, 1978" was filed in the district court.

Rule 4, Federal Rules of Appellate Procedure, requires that in a civil case "in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order."

The 30-day time limitation for filing a notice of appeal from the September 27 judgment had already expired by the time the notice of appeal was filed on November 7, and had even expired by October 30, when it was dated.

A motion for relief from judgment under Rule 60(b) does not extend the time for taking an appeal. *See Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 386 (5th Cir. 1978); *Albers v. Gant*, 435 F.2d 146 (5th Cir. 1970).

Even when a district court hears and denies the motion before the appeal time has run, the appeal must be taken within 30 days from the date of the judgment, not from the date of the denial of the motion. *See Silas v. Sears, Roebuck & Co., supra* at 386; *Meadows v. Cohen*, 409 F.2d 750, 752 n. 5 (5th Cir. 1969); 11 Wright & Miller, Federal Practice and Procedure § 2871 n. 90. Rule 60(b) itself provides that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

The timely filing of a notice of appeal is required to give this Court authority to act. *Edwards v. Joyner*, 566 F.2d 960, 961 (5th Cir. 1978); *Cole v. Tuttle*, 540 F.2d 206, 207 (5th Cir. 1976); *Gulf-Tampa Drydock Co. v. The Vessel Virginia Trader*, 435 F.2d 150 (5th Cir. 1970). Being without jurisdiction, the Court must dismiss the appeal even though appellees have not brought the matter to our attention.

APPEAL DISMISSED.