LEE, Justice,
for the Court:
Effie J. Poole obtained judgment in the Circuit Court of Quitman County against Sheriff Lewis Q. Brunt in the sum of thirty-eight thousand dollars ($38,000) for personal injuries resulting from a collision between automobiles driven by her and the sheriff’s deputy. [When the suit was first filed, a demurrer was sustained by the trial court, and, on appeal here, the judgment was reversed as to Sheriff Brunt, and affirmed as to his bond company. Poole v. Brunt, 338 So.2d 991 (Miss.1976)]. Being unable to collect the judgment from Sheriff Brunt, who was not covered by liability insurance, Mrs. Poole filed suit against the individual members of the Quitman County Board of Supervisors and their sureties. A demurrer to that declaration was sustained by the trial court, and Mrs. Poole appeals from the judgment entered.
Appellant contends there was a duty on the individual supervisors to obtain liability insurance covering the vehicles in the sheriff’s office, they breached that duty and are liable to appellant in the amount of the judgment, together with punitive damages.
The declaration charges that the defendants, acting individually and collectively, as the Quitman County Board of Supervisors, approved the expenditure of funds, by inclusion in the budget of the sheriff’s department, for the purchase of liability insurance covering vehicles operated by the sheriff’s department, and particularly the vehicle involved in the collision with Mrs. Poole; and that the purchase of liability insurance was mandatory under the laws of the State of Mississippi, including Mississippi Code Annotated Section 19-25-13 (1972). It charged sufficient facts to constitute a violation of the alleged mandatory duty of the Board to obtain such insurance.
Mississippi Code Annotated Section 19— 7-8 (Supp.1979) provides that the Board of Supervisors of any county in this state is authorized, in its discretion, to obtain and pay for liability insurance covering motor vehicles of the county.
Mississippi Code Annotated Section 19-25-13 (Supp.1979) which is titled “Budgeting and Financing of Sheriffs’ Departments,” states that the sheriff shall submit a budget, estimating expenses of his office, to the Board of Supervisors at the July meeting in each year for the fiscal year beginning October 1, that the Board shall examine the proposed budget and determine the amount to be expended by the sheriff in the performance of his duties for the fiscal year, and that the Board may increase or reduce said amount as it deems necessary and proper. The section further provides that the budget shall include, among other things, amounts for insurance providing protection for the sheriff and his deputies in case of disability, death, and other similar coverage, and shall include amounts for the payments of premiums on bonds and insurance for the sheriff and his deputies which, in the opinion of the Board of Supervisors, are deemed necessary to protect the interests of the county or the sheriff and his deputies.
Appellant cites and relies upon Poole v. Brunt, supra, wherein the Court interpreted Section 19-25-13 as follows:
“The statute makes it mandatory that the budget of the sheriff shall provide insurance protection to the sheriff and his deputies. This protection obviously runs in favor of the injured person.” 338 So.2d at 995.
However, Section 19-7-8 allows the Board of Supervisors the discretion of obtaining and paying for liability insurance. Section 19-25-13 makes it mandatory for the sheriff to include liability insurance expenses in his budget, but does not make it mandatory upon the Board to obtain that liability insurance for the sheriff. The disbursements and expenditures under the *240 statute are made by the sheriff’s department. In Walton v. Colmer, 169 Miss. 182, 147 So. 331 (1933), discussing mandatory and discretionary duties, the Court said:
“In dealing with a matter involving county depositories, the board of supervisors is under duty, as to which it has no discretion, to make advertisement as required by law, and to see that security agreed to be furnished the county for funds placed in banks is furnished. In these matters, the duty is ministerial, and not judicial. ...
* * * * * *
The line of cases relied upon by appellant holds that, where duties are discretionary, about which reasonable minds might differ, there is no liability. In other words, there is no liability for judicial or quasi judicial acts. These cases are sound on their facts, but are not applicable to the case at bar.
* * * * * *
Boards of supervisors have both ministerial and judicial duties to perform. If they acted in a judicial capacity, they are not liable, but, if they refused to act, and injury resulted from such refusal or negligence, recovery may be had upon their official bonds.
We find no reversible error in the trial of the cause, and the judgment of the court below will therefore be affirmed.” 169 Miss. at 184-186, 147 So. at 332.
In Davis v. Little, 362 So.2d 642 (Miss.1978), the Court said:
“The most commonly recognized limitation is the distinction between discretionary acts as opposed to ministerial acts. Under this distinction the official is immune only where that which he does in’ the performance of his lawful duty requires ‘personal deliberation, decision and judgment.’ ” 362 So.2d at 643.
We are of the opinion that the duty to obtain liability insurance in the present case was discretionary with the Board of Supervisors, that the approval of the sheriff’s budget by the Board did not impose a ministerial duty upon the Board to obtain the liability insurance and that the duty was not a mandatory one.
The appellees further contend that, if the Board of Supervisors had been required by law under a mandatory duty to secure liability insurance, failure to do so was the fault of the Board and not the individual members comprising the Board. We think that position is a sound one. In Wray v. McMahon, 182 Miss. 592, 182 So. 99 (1938), the Court said:
“This court, by several decisions heretofore rendered, has firmly committed itself to the rule, which generally prevails, that a governmental board or council, in the discharge of the duties imposed by law upon the board or council as such, acts in an official, and not in an individual capacity; and any neglect or failure in the exercise of its powers or in the discharge of its duties is the default of the board and not of the individuals composing it, and they are not liable for such neglect or default unless expressly made so by statute.” 182 Miss. at 603, 182 So. at 100.
See also Peoples Bank Liquidating Corp. v. Beashea Drainage District, 199 Miss. 505, 24 So.2d 784 (1946); State v. Forbes, 179 Miss. 1, 174 So. 67 (1937); Reese v. Isola State Bank, 140 Miss. 355, 105 So. 636 (1925); Pidgeon Thomas Iron Co. v. Leflore County, 135 Miss. 155, 99 So. 677 (1924).
The trial court, in our opinion, correctly sustained the demurrer to the declaration in this cause for the reasons stated, and the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.