L.S.B., a student at Banks Middle School, was allegedly raped on the Banks Middle School premises.[1] L.S.B., by and through her parents Mr. and Mrs. B., sued Nancy Howard, the principal of Banks Middle School, alleging that Howard, either negligently, wantonly, or in bad faith, had failed to properly supervise L.S.B. and by that failure had caused the alleged rape. The trial court granted Howard's motion for a summary judgment. L.S.B. appeals from this judgment in favor of Howard.
On April 4, 1990, the date of the incident, L.S.B. was 13 years old and was in the 7th grade at Banks Middle School. Because her emotional stability and memory are affected by an illness she sustained in early childhood, she was enrolled in the "emotionally conflicted" ("E.C.") special education class at the school, taught by Cheryl Colvin. Eulen Couch, as Colvin's assistant, was supposed to take L.S.B. and two other female E.C. students to a regular physical education class in the gym and then take the four male E.C. students to a regular physical education class *Page 44 
on the softball field. One of the girls attended the regular physical education class as scheduled. However, because L.S.B. and the other female E.C. student asked Couch to let them go outside, he allowed them to accompany him and the male E.C. students to a practice field across the street from the field where the regular physical education class was being held.
According to L.S.B., she had planned to have sex at school that day with her boyfriend, who was also a member of the E.C. class. While Couch was talking with the other female student on the field's bleachers, L.S.B., her boyfriend, and two other E.C. students broke into a field house located near the practice field. According to L.S.B., she had sex with her boyfriend in the field house, but, she said, a fourth E.C. student charged in, frightened the others away, and raped her. At a student disciplinary hearing regarding the incident, however, L.S.B.'s boyfriend stated that, upon the group's breaking into the field house, L.S.B. asked one of the other boys to have sex, but that boy refused. According to the boyfriend, he and L.S.B. then had sex, and afterwards L.S.B. told the boys to ask the boy later accused of rape to come into the field house. The boyfriend stated that the boys tried to watch L.S.B. with that boy, but left after he told them to do so.
Article I, § 14, Alabama Constitution 1901, provides that the State of Alabama shall not be made a defendant "in any court of law or equity"; this is the constitutional basis for the doctrine of sovereign immunity. This immunity may attach to an individual who, while acting as an agent of the State, is engaged in the exercise of a discretionary function; in other words, the individual may be entitled to qualified immunity.Nance v. Matthews, 622 So.2d 297 (Ala. 1993). "Discretionary acts" have been defined as "[t]hose acts [as to which] there is no hard and fast rule as to course of conduct that one must or must not take" and those requiring "exercise in judgment and choice and [involving] what is just and proper under the circumstances." Black's Law Dictionary 467 (6th ed. 1990); see also Smith v. Arnold, 564 So.2d 873, 876 (Ala. 1990).
Municipal and county boards of education are local agencies of the State and partake of the State's sovereign immunity.Enterprise City Board of Educ. v. Miller, 348 So.2d 782, 783
(Ala. 1977); Hutt v. Etowah County Bd. of Educ., 454 So.2d 973,974 (Ala. 1984). Therefore, an individual who acts as an agent of a municipal or county board of education may also share in the State's sovereign immunity, if the act complained of was committed while that person was performing a discretionary function. Nance, supra. This immunity protects a State agent from liability for negligence or wantonness while performing discretionary functions, but does not serve as a shield against liability for bad faith conduct. Nance, supra; Deal v.Tannehill Furnace Foundry Comm'n, 443 So.2d 1213 (Ala. 1983);Phillips v. Thomas, 555 So.2d 81, 85 (Ala. 1989).
We hold that Howard is entitled to immunity as to L.S.B.'s claims alleging negligent and wanton supervision; therefore, the trial court correctly entered the summary judgment for Howard on those claims. The exercise of supervisory functions is usually discretionary, because it requires "constant decision making and judgment" by the person in the supervisory role. Phillips, 555 So.2d at 85; see also Coyle v. Harper,622 So.2d 302 (Ala. 1993); Kroger v. Davis, 622 So.2d 303
(Ala. 1993). Howard's administration and direction of her teachers and teacher's aides necessarily require her to use her best judgment in making those decisions affecting her school; this is a discretionary function. Phillips, supra. Further, we note that L.S.B. produced no evidence of negligent or wanton supervision by Howard. No evidence was presented to show that Howard knew that Couch allowed the E.C. students to be apart from their regular physical education classes. Howard testified that she had no knowledge of any prior occurrences of that nature. The evidence indicates that, after learning of Couch's actions, Howard properly filed an incident report in Couch's personnel records with the Birmingham City School System. Howard's position as principal at Banks Middle School does not provide for the hiring or discharge of teachers or *Page 45 
aides at the school; that responsibility lies with the Birmingham City School System.
As stated above, if L.S.B. were able to show that Howard acted in bad faith, Howard would not be protected by qualified immunity from liability. Nance, supra. However, L.S.B. clearly failed to produce any evidence of bad faith on Howard's part. Therefore, the trial court correctly entered the summary judgment in favor of Howard on this claim as well.
The judgment of the trial court is affirmed.
AFFIRMED.
ALMON, SHORES, HOUSTON and BUTTS, JJ., concur.
[1] Because this case involves allegations of rape pertaining to a minor and the disclosure of her name would serve no judicial purpose in this opinion, the minor will be referred to as L.S.B. Her parents will be referred to as Mr. and Mrs. B. Rule 52, Ala.R.App.P.