682 So.2d 1 (1996)
Charles WRIGHT
v.
Paul WYNN.
1950566.
Supreme Court of Alabama.
July 3, 1996.
Jack Curtis, Department of Public Safety Legal Unit, Dennis M. Wright, Asst. Atty. Gen., for Appellant.
Robert A. Huffaker and N. Wayne Simms, Jr. of Rushton, Stakely, Johnston & Garrett, P.A., Montgomery, and James R. McKoon, Jr., Phenix City, for Appellee.
George W. Royer, Jr. and J. Jeffery Rich of Sirote & Permutt, P.C., Huntsville, for Amici Curiae Alabama Sheriffs' Ass'n.
Kenneth Smith, Montgomery, for Amici Curiae Alabama League of Municipalities.

ON APPLICATION FOR REHEARING
PER CURIAM.
The opinion of May 3, 1996, is withdrawn and the following opinion is substituted therefor.
The defendant, Charles Wright, appeals from a judgment entered on a $20,000 jury verdict for the plaintiff, Paul Wynn, in this action seeking damages for false imprisonment and assault and battery. We reverse and remand.
The evidence, viewed in the light most favorable to Wynn, indicates the following:
On May 12, 1992, Wynn was visiting his daughter's home. Around 10:00 p.m., he walked onto her porch. At about the same time, Wright, an Alabama state trooper, had begun to pursue a speeding truck whose driver was attempting to elude Wright. The truck turned into the driveway of Wynn's daughter's home, and the driver got out of the truck and began running toward Wynn. Wynn called to the driver, who did not stop; Wynn chased the driver and threw a "swing blade" garden tool at the driver. Wright, who had radioed to headquarters the license plate number of the truck, got out of his car and ran toward Wynn with his gun drawn and aimed at Wynn, and shouted to Wynn, "Get your hands up. If you don't, I'll blow your damn head off your shoulder."
*2 While the driver of the truck fled, Wynn tried to explain to Wright that the man he was chasing had run away. Wright, however, reached for Wynn and said, "Get your ass on the ground or I'm going to blow your [deleted] head off." Wright, holding one of Wynn's arms, forced Wynn to the ground and then straddled him, with a knee in his back. Although Wynn continued to try to explain who he was, Wright continued to curse Wynn as he handcuffed him. Wright then ordered Wynn to get up and, when Wynn told him he was unable to get up quickly, Wright said to Wynn, "I will get your ass up," and then, using only one hand to hold Wynn's handcuffed arms, Wright lifted Wynn from the ground. When Wynn complained of pain and stated that he believed Wright had broken his shoulder, Wright told Wynn, "I will break your damn neck if you don't shut up." Wright then took Wynn to his patrol car, and as he did so Wynn called out toward the house for his son-in-law to come out. When Wynn's son-in-law, David McLain, came out and saw what was happening, he tried to tell Wright who Wynn was. Wright, however, told McLain to "shut up and get [his] ass back in the house" and said that if McLain did not "shut up" then Wright would "lock [him] up, too." As Wright was telling Wynn to get into his car, a deputy sheriff arrived and identified Wynn (who was on his knees beside Wright's car). Wright then released Wynn, who was covered with blood and dirt and was suffering from an injured shoulder. Later, Wright said to Wynn, "Fellow, I made a mistake."
The dispositive issue is whether Wright was entitled to a judgment as a matter of law with respect to Wynn's false imprisonment and assault and battery claims. Wright argues that the trial court should have either directed a verdict in his favor or later granted his motion for a judgment notwithstanding the verdict, based on the doctrine of discretionary function immunity. Wynn argues that Wright's conduct at the scene of the arrest takes him out from under the protective umbrella of that doctrine, which is available under certain circumstances to state employees.
After carefully reviewing the record and the briefs, we agree with Wright that the judgment must be reversed, because we agree that Wright was entitled to a judgment as a matter of law on the false imprisonment claim. The undisputed evidence indicates that Wright made a tragic mistake in detaining and arresting Wynn; however, Wright is protected under the doctrine of discretionary function immunity from any liability for that mistake in identification. Discretionary acts have been defined as those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances. See L.S.B. v. Howard, 659 So.2d 43 (Ala. 1995). Clearly, Wright's duties as a law enforcement officer required him to make a split-second identification under difficult circumstances. Although, regrettably, Wright made the wrong decision in arresting Wynn, his decision nonetheless falls within the definition of a "discretionary act" as discussed in our cases.
However, this Court has held that a state officer or employee is not protected under the doctrine of discretionary function immunity if he acts willfully, maliciously, fraudulently, or in bad faith. Acts of such a nature are not considered to be discretionary in nature within the meaning of our cases. See Barnes v. Dale, 530 So.2d 770 (Ala.1988); DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1981). Because the record indicates that a fact question was presented as to whether Wright used excessive and illegal force in arresting Wynn, we cannot agree that the doctrine of discretionary function immunity precludes Wynn's assault and battery claim. A mistake in identifying a suspect is one thing; abusing a suspect who has been detained and subdued is quite another. Simply put, a state trooper has a legal obligation to conduct himself in a professional manner and within the bounds of the law in making an arrest. Another jury should be allowed to determine whether Wright met that obligation under the facts of this case.
*3 For the foregoing reasons, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED; APPLICATION OVERRULED.
SHORES, HOUSTON, KENNEDY, INGRAM, COOK, and BUTTS, JJ., concur.
HOOPER, C.J., and MADDOX, J., concur in part and dissent in part.
MADDOX, Justice (concurring in part; dissenting in part).
I concur with that part of the majority's opinion that reverses the judgment against Officer Wright on the false imprisonment claim and states that in arresting the plaintiff he was protected under the doctrine of discretionary function immunity. However, I believe that the doctrine of discretionary function immunity also extends to the assault and battery claim. Therefore, I must respectfully dissent as to that portion of the majority's opinion that holds that the doctrine of discretionary function immunity does not preclude Wynn's assault and battery claim. For further discussion of my position, see my dissent in Breland v. Ford, [Ms. 1931653, May 3, 1996], ___ So.2d ___ (Ala. 1996).
HOOPER, C.J., concurs.