The plaintiffs appeal from a summary judgment in favor of the defendants.
A summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Once the moving party has made a properly supported motion for a summary judgment indicating that no genuine issue of material fact exists, the burden shifts to the nonmovant to present "substantial evidence" in support of his case. Bass v. SouthTrust Bank ofBaldwin Co., 538 So.2d 794 (Ala. 1989); § 12-21-12(d), Ala. Code 1975. "Substantial evidence" has been defined as "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the facts sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989). In reviewing a summary judgment, this Court must view the evidence in a light most favorable to the nonmovant. Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985).
The evidence, viewed in a light most favorable to the plaintiffs, Ray Foley and his son John Foley, indicates the following: On December 7, 1993, Thelma Thomas, a teacher at Red Level High School, where 17-year-old John Foley was a senior, accompanied a group of students on a half-day field trip. Pursuant to the school principal's instructions, Thomas had prepared a schedule of teachers who had agreed to cover her classes until she returned. However, the teacher who was to cover Thomas's second-period class did not come to work on December 7, and the substitute teacher did not understand that she was to cover Thomas's second-period class.
John Foley was a student in Thomas's second-period class. He testified by deposition that when he noticed there was no teacher in the room, he sat in a front-row desk and attempted to sleep. While John rested his head on his desk, students James Welcher *Page 1198 
and Michael Sutton began harassing him. This harassment included Welcher's throwing a coat on John and telling him to wake up, and Sutton's shooting paper clips at him with a rubber band. After the paper clip incident, John stood up and the other students encouraged John and Sutton to fight. However, John decided not to fight and returned to his seat.
Deborah Sharpe, a teacher whose classroom was across the hall, testified by deposition and by affidavit that a janitor informed her that there was no teacher in John's class. She testified that she stuck her head in the classroom to observe the students and noted that they were quiet and that there were no signs of trouble. She also testified that she asked the students if everything was all right and that no one reported any problems. In addition, Sharpe testified that, because second period was almost over by that time and because the students appeared to be fine, she saw no need to make any report to the principal and was unaware of any rule or policy requiring her to do so.
After Sharpe left the room, Welcher hit John while John was seated at his desk. Then Sutton approached John, and, John testified, he suddenly found himself on the floor. John also testified that he remembered Sutton's approaching him as he was lying on the floor and that he remembered the bell ringing. John was finally able to pull himself from the floor and find the school principal, Johnny Taylor. John was taken to the hospital, where X-rays were taken, revealing that he had a fractured skull. John underwent medical treatment, which included having a metal plate screwed into his forehead. Criminal charges were brought against Welcher and Sutton. In addition, John and his father, Ray Foley, sued Welcher, Sutton, Sharpe, Taylor, and J. Dale Odom, superintendent of the Covington County School System. The trial court entered a summary judgment for Sharpe, Taylor, and Odom. The Foleys appealed to the Alabama Supreme Court, which deflected this case to this court pursuant to § 12-27-(6), Ala. Code 1975.
The Foleys argue that defendants Sharpe and Taylor are not entitled to qualified immunity.[1] Article I, § 14, Ala. Const. 1901, provides that "the State of Alabama shall never be made a defendant in any court of law or equity." This section has been construed to provide sovereign immunity for state agencies, including county boards of education. Byrd v. Sullivan,657 So.2d 830 (Ala. 1995). In addition, individuals acting as state agents may be entitled to qualified immunity for acts performed in the exercise of discretionary functions. Id. Determining whether a defendant was performing a ministerial act or a discretionary act is a question of law to be decided by the trial court. Louviere v. Mobile County Bd. of Educ.,670 So.2d 873 (Ala. 1995).
The Foleys argue that Taylor and Sharpe are not protected by qualified immunity because, they argue, these defendants were performing ministerial, and not discretionary, functions. In support of this argument, they assert that the defendants have the duty to supervise the students and that the implementation of this duty is a ministerial function.
The Alabama Supreme Court has, on numerous occasions, addressed the issue whether school teachers and administrators are entitled to qualified immunity. For instance, in Coyle v.Harper, 622 So.2d 302 (Ala. 1993), the Supreme Court held that the teacher was entitled to qualified immunity when a student was injured by another student while they were in the classroom and the teacher was not in the classroom but was monitoring the halls. In another case, the Supreme Court held that the teacher was entitled to qualified immunity when she refused to provide medical treatment for a student who had been attacked by another student. Byrd v. Sullivan, 657 So.2d at 833. Similarly, in Hayes v. Walters, 628 So.2d 558 (Ala. 1993), our Supreme Court held that the school principal was immune from liability for a student's injury that occurred during gymnastics class, because the principal's indirect supervision of classrooms was a discretionary function. In addition, in Bathgate v. MobileCo. Bd. of School Comm'rs, 689 So.2d 109 (Ala.Civ.App. 1996), *Page 1199 
this court held that the development of policy is a discretionary function, so that the board of education and health department employees were immune from liability for a student's cryptococcal meningitis contracted from exposure to pigeon feces while at school. See also Grant v. Davis,537 So.2d 7 (Ala. 1988); L.S.B. v. Howard, 659 So.2d 43 (Ala. 1995) (holding that the school principal was entitled to qualified immunity against claims based on the rape of a special education student by another student during physical education class).
Taylor and Sharpe presented substantial evidence that there were no specific rules or policies governing their actions in this case. The evidence shows that Taylor, exercising his discretion in deciding how to cover Thomas's classes during her half-day absence, directed Thomas to arrange for other teachers to substitute and to provide him with a list of these teachers. The evidence also shows that Sharpe checked on the students in Thomas's classroom and did not observe any problems or hear any complaints from the students, even after she questioned them. Sharpe exercised her discretion in deciding not to inform Taylor of the lack of a teacher. The Foleys presented no evidence that the actions of Taylor or Sharpe were governed by specific policies that would render their actions ministerial in nature. Instead, the Foleys argue that Taylor and Sharpe were required by law to provide adequate supervision for the students and that the implementation of this supervision is a ministerial act. However, as previously discussed, well-settled Alabama law provides that supervision of students is a discretionary act. See L.S.B. v. Howard, 659 So.2d 43; Hayes,628 So.2d 558; Coyle, 622 So.2d 302. Therefore, Sharpe and Taylor are entitled to qualified immunity, and the trial court properly entered the summary judgment in their favor. Because the Foleys concede that Odom is entitled to qualified immunity, the summary judgment in his favor was also proper.
In addition, we note that the Foleys presented no evidence that Taylor's or Sharpe's actions were committed fraudulently, willfully, maliciously, or in bad faith, so as to prevent qualified immunity from applying. See Wright v. Wynn,682 So.2d 1 (Ala. 1996).
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.
[1] The Foleys concede that Odom is entitled to qualified immunity.