MADDOX, Justice.
The sole issue presented by this petition for extraordinary relief is whether certain employees of the Alabama Department of Transportation (“ALDOT”), who are defendants in an action pending in the Barbour Circuit Court, are entitled to discretionary-function immunity under the provisions of § 14, Ala. Const.1901.
After the trial court denied these defendants’ motion for summary judgment and also refused to make the statement required under Rule 5, Ala.R.App.P., to authorize them to ask permission to appeal, these defendants filed this petition for a writ of mandamus directing the trial court to enter a summary judgment in their favor. We grant the petition.
On January 28, 1996, Kenneth Edward Siler, who was alleged to have been working within the line and scope of his employment as an assistant engineer with ALDOT, was killed when a tractor-trailer truck struck him as he worked on a highway resurfacing job on Alabama Highway 10. Siler’s two minor children filed this lawsuit against five employees of ALDOT (“the ALDOT employees”) and several other defendants, but this petition for the writ of mandamus concerns only the AL-DOT employees.[1]
The plaintiffs alleged in their complaint that the ALDOT employees negligently failed to follow the required safety precautions regarding traffic control during the resurfacing of Alabama Highway 10 and that this negligence was the proximate cause of Siler’s death. The ALDOT employees moved for a summary judgment, primarily arguing that they were entitled to a summary judgment because, they claimed, they were entitled to discretionary-function immunity.
The writ of mandamus is an extraordinary remedy and one petitioning for it must show “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). See Ex parte Davis, 721 So.2d 685, 689 (Ala.1998), where this Court stated that “[a] petition for a writ of mandamus is the proper means for achieving appellate review of a trial court’s denial of absolute and discretionary-function immunity.”
This Court has addressed the question presented here on other occasions, and it has recently held in Ex parte Davis, supra, that acts by a State employee may be immune from a lawsuit, on the basis of qualified immunity, if the acts in question required the State employee to exercise some degree of discretion. In Ex parte Davis, this Court wrote:
“Article I, § 14, of the Alabama Constitution of 1901, provides ‘[tjhat the State of Alabama shall never be made a defendant in any court of law or equity,’ and ... this sovereign immunity extends to State employees acting within the general scope of their authority in performing functions that involve a degree of discretion. McDuffie v. Roscoe, 679 So.2d 641 (Ala.1996). ‘Discretionary acts’ are defined as ‘those acts as to which there is no hard and fast rule as to the course of conduct that one must or must not take and those acts requiring exercise in judgment and choice and involving what is just and proper under the circumstances.’ Wright v. Wynn, 682 So.2d 1, *1097 2 (Ala.1996). To claim the benefit of sovereign immunity, a defendant State employee has the burden of establishing that the plaintiff’s claims arise from the employee’s performance of discretionary functions for the State.”
721 So.2d at 688-89. However, acts by a State employee that are merely ministerial in nature are not protected by qualified immunity. See Defoor v. Evesque, 694 So.2d 1302, 1305 (Ala.1997), where this Court stated: “As a general rule, ... discretionary functions are characterized by planning tasks, and policy-level decision-making. McDuffie [v. Roscoe], 679 So.2d [641] at 643 [ (Ala.1996) ]. Ministerial functions, on the other hand, are characterized by operational tasks and minor decision-making.” Although it appears that neither this Court nor the Restatement (Second) of Torts § 895D (1979), has provided a clear distinction between discretionary acts and ministerial acts, this Court has stated that the question whether a particular State employee’s acts were discretionary or were ministerial is a question of law. See Defoor, 694 So.2d at 1305.
Were these ALDOT employees immune? We conclude that they are. The ALDOT employees argue that the decision not to use traffic cones during the phase of the resurfacing project during which Siler was killed (which decision the plaintiffs say constituted negligence) was a discretionary act, and in support of that argument the ALDOT employees cite the project plan that was developed in preparation for the resurfacing. That plan clearly states that “[t]he traffic control plan is not all inclusive” and that “[t]he contractor shall select the detailed drawing that best fits the activity to be performed.” Furthermore, and more compelling, is the fact that the ALDOT employees point to a memorandum regarding the resurfacing of two-lane highways, in which ALDOT’s policy was changed so that “[f]or slow moving operations, such as resurfacing, the traffic cones may be deleted if the flag persons are in direct sight of each other or if a pilot car is used.” It is undisputed that the project being performed was a moving operation on a two-lane roadway and that the flag-gers were not within sight of one another, but it is also undisputed that a pilot car was used.
The plaintiffs respond by arguing that the ALDOT employees were negligent in administering the predetermined safety procedures regarding traffic control, and they specifically argue (1) that the project plan that was developed in preparation for the particular resurfacing job at issue required that traffic cones be used around the work area and (2) that the ALDOT employees negligently failed to provide these traffic cones. They further argue that the failure to use the traffic cones made it more likely that a worker at the construction site would be injured by passing traffic. As support for this argument, the plaintiffs cite the project plan and AL-DOT’s contract with the construction company hired to perform the resurfacing. The contract refers to traffic cones and states that they are to be purchased. The, plaintiffs further contend that the project plan provides that “for moving operations the traffic cones may be deleted if flaggers are in sight of each other on [a] two lane roadway.” They argue that these predetermined safety precautions were not followed in this case, because the undisputed facts show that the flaggers were not in sight of one another, yet the traffic cones were deleted.
The substance of the plaintiffs’ argument is that although the ALDOT employees may have used discretion when they developed the project plan, the failure to implement this plan as it was written amounted to negligence in performing a ministerial act, and that those employees are, therefore, are not protected by the doctrine of qualified immunity. As support, the plaintiffs cite Phillips v. Thomas, 555 So.2d 81 (Ala.1989), in which this Court held that a State daycare worker who had failed to correctly complete an inspection sheet was not protected by the *1098 doctrine of qualified immunity. This Court held that filling out the inspection form in that case was a ministerial act. Phillips, 555 So.2d at 86. The plaintiffs argue that the facts in that case are similar to the facts in this case because, they say, the ALDOT employees failed to follow the project plan. They contend in their brief that the failure of the ALDOT employees here is similar to the daycare worker’s failure to properly fill out an inspection sheet. They argue:
“Phillips ... held that the failure to follow one’s established guidelines about safety is a ministerial act. The discretion occurred in establishing the guidelines and deciding what steps should be taken to ensure safety. Once the discretion has been exercised, it is a ministerial act to follow the guidelines or deviate from them.”
We find the plaintiffs’ argument unpersuasive. The record before us includes the deposition testimony of employees of the contractor on this project and that of some of the ALDOT employees. In each instance, the deponent testified that, based on the deponent’s judgment and experience, the deponent concluded that placing traffic cones on that portion of Alabama Highway 10 in question would have been impractical and hazardous on this project. Further, the deposed ALDOT employees stated that the width of the roadway did not permit the use of traffic cones to create a buffer zone because using them in that manner would not leave enough roadway to allow a travel lane for traffic. The ALDOT employees also stated that their past experience had shown that attempting to use cones in this kind of situation was futile because the cones would be blown over or run over by passing vehicles. Further, the use of traffic cones was impractical, they said, because the construction activity was a moving operation and would have required that the workers move the traffic cones along the roadway as the work progressed.
In Grant v. Davis, 537 So.2d 7 (Ala.1988), we addressed a question similar to the one involved here. In that case this Court held that although State highway inspectors had a duty to inspect the roads of the state, the manner in which they performed that duty was a matter within their discretion. We find that holding in Grant v. Davis instructive in this present case, because ALDOT has a duty to provide safety measures regarding traffic control when construction is occurring on a roadway. However, choosing the manner in which ALDOT employees provide these safety measures involves the exercise of their discretion. Because the decision in this case to use a pilot car instead of traffic cones required an “exercise in judgment and choice and [involved] what [was] just and proper under the circumstances,”[2] we hold that the decision was within the discretion of the ALDOT employees, as a matter of law. Consequently, we hold that the ALDOT employees enjoyed qualified immunity and that the trial court erred in denying their motion for summary judgment. We therefore grant the petition for the writ of mandamus and direct the Barbour Circuit Court to enter a summary judgment in favor of the ALDOT employees based on the doctrine of discretionary-function immunity.
WRIT GRANTED.
HOOPER, C.J., and COOK, SEE, and BROWN, JJ., concur.
HOUSTON and LYONS, JJ., concur in the result.
JOHNSTONE, J., dissents.

. The plaintiffs entered into a settlement with some of the defendants. The driver of the tractor-trailer truck was under the influence of alcohol and was subsequently convicted of murdering Siler.

. L.S.B. v. Howard, 659 So.2d 43, 44 (Ala.1995) (quoting Black's Law Dictionary, "Dis-cretionaiy acts,” 467 (6th ed.1990)).