MOORE, Chief Justice
(concurring in part and dissenting in part).
I concur in the majority’s decision to deny Deputy Edwards’s motion for sanctions. However, I must respectfully dissent from its decision to affirm the trial court’s dismissal of Sprinkle’s claim on res judicata grounds. The majority interprets Rule 41, Fed.R.Civ.P., to necessarily mean that the district court’s ruling in Sprinkle’s federal action operated as an adjudication on the merits of both Sprinkle’s federal claims and his state-law claims. I agree that it operates as an adjudication on the merits as to the federal claims; I do not, however, agree that it operates as an adjudication on the merits as to Sprinkle’s state-law claims.
The Court’s argument is one based on the federal district court’s silence, because the district court, in its order of dismissal, failed to address Sprinkle’s state-law claims at all. Because of that omission, I believe that the question in this case becomes whether the district court exercised its pendant jurisdiction under 28 U.S.C. § 1367 to hear the state-law claims and thus whether its ruling was a ruling on the merits of those claims as well. In McLearn v. Cowen & Co., 660 F.2d 845 (2d Cir.1981), Judge Morris Lasker, in his concurring opinion, commented on the situation we have in this case:
“It is certainly the preferred practice in cases involving pendent state law claims for the district court to state explicitly whether a dismissal of state law claims is on the merits or whether it is declining to exercise its pendent jurisdiction. Where the district court, on the pleadings, dismisses a complaint containing both state and federal claims and fails to indicate whether the state claims are being dismissed on the merits ... the most useful operative rule is to presume that the court declined to exercise its discretionary jurisdiction over the state law claims.”
660 F.2d at 851.
In this case, the federal district court failed even to mention whether it was dismissing Sprinkle’s state-law claims against Edwards in his individual capacity. Accordingly, I am of the opinion that the proper presumption should be that the district court never exercised its discretionary pendent jurisdiction over those claims. This conclusion is supported by the general federal rules surrounding jurisdiction over supplemental state-law *222 claims. “The general rule is that when as here the federal claim drops out before trial ... the federal district court should relinquish jurisdiction over the supplemental claim.” Van Harken v. City of Chicago, 103 F.3d 1346, 1354 (7th Cir.1997).
The federal district court in this case explicitly held that Sprinkle’s complaint that Deputy Edwards violated § 32-5A-7(c), Ala.Code 1975, “cannot be a basis for imposing § 1983 liability,” but the federal district court made no finding as to the viability of Sprinkle’s state-law claims pertaining to the alleged violation of that statute. Consequently, I believe that it is proper to assume that the federal district court never exercised jurisdiction over the state-law claims. Because the district court never exercised jurisdiction over those claims, those claims have not been adjudicated on their merits. Therefore, the doctrine of res judicata cannot apply in this case, and the summary judgment could not have been entered on res judica-ta grounds.
Because I conclude that the doctrine of res judicata does not bar Sprinkle’s claims, the next question is whether some form of immunity prevents Sprinkle from maintaining an action against Deputy Edwards. Three types of immunity could potentially bar an action in this case: (1) absolute immunity, (2) State-agent immunity, and (3) statutory discretionary-function immunity. I conclude that none of these types of immunity protects Deputy Edwards from suit in this case.
Edwards argues that, as a constitutional officer, he possesses absolute immunity under Art. I, § 14, Ala. Const.1901, which provides “[t]hat the State of Alabama shall never be made a defendant in any court of law or equity.” Section 14 has been construed to provide sovereign immunity to all constitutional officers, including deputy sheriffs. See Ex parte Purvis, 689 So.2d 794, 795-96 (Ala.1996). This Court has explicitly held, however, that sheriffs are not immune from liability in actions brought:
“(1) to compel [a sheriff] to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute.”
Parker v. Amerson, 519 So.2d 442, 443 (Ala.1987).
Sprinkle’s action does not fall under any of the above exceptions, and Sprinkle does not even attempt to argue that it does. It is clear that Deputy Edwards is immune from suit in his official capacity. However, Sprinkle also sued Edwards in his individual capacity. “Sovereign immunity [through Art. I, § 14] does not extend to protect state officials from personal liability for torts committed in their official capacities.” Turner v. Sayers, 575 So.2d 1135, 1138-39 (Ala.Civ.App.1991), citing DeStafney v. University of Alabama, 413 So.2d 391 (Ala.1981). Thus, absolute immunity does not bar Sprinkle’s claims.
Deputy Edwards may, however, be immune from liability based on State-agent immunity or statutory discretionary-function immunity. In Ex parte Cranman, 792 So.2d 392 (Ala.2000), this Court restated the law of State-agent immunity, stating, in part:
“A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent’s ... exercising judgment in the enforcement of the criminal laws of the State, including, but not *223 limited to, law-enforcement officers’ arresting or attempting to arrest persons .... ”
792 So.2d at 405 (second emphasis added). Section 6-5-338(a) is the basis for statutory discretionary-function immunity. It gives a police officer “immunity from tort liability arising out of his or her conduct in performance of any discretionary function within the fine and scope of his or her law enforcement duties.” (Emphasis added.) Thus, whether this incident is analyzed under Cranman or the statutory immunity provided by § 6-5-338(a), the question is whether Deputy Edwards was engaged in a function involving the exercise of his judgment in the performance of his duties.
Sprinkle sued Deputy Edwards, alleging that Deputy Edwards had been negligent when responding to an emergency by driving at an excessive speed and failing to engage his lights and siren, a violation of § 32-5A-7(c). Section 32-5A-7 permits drivers of authorized emergency vehicles to take certain privileges with regard to the rules of the road when answering an emergency call or when pursuing a suspect. Section 32-5A-7(b)(3) specifically allows the driver of such a vehicle to “[exceed the maximum speed limits so long as he does not endanger life or property....” Section 32-5A-7(c), however, restricts that permission by stipulating that “[t]he exemptions herein granted to an authorized emergency vehicle shall apply only when such vehicle is making use of an audible signal meeting the requirements of Section 32-5-13 and visual requirements of any laws of this state requiring visual signals on emergency vehicles.”
Deputy Edwards was answering an emergency 911 “hang-up” call when he exceeded the speed limit and crashed into the vehicle Sprinkle was in. There can be no doubt that Deputy Edwards was engaged in the performance of his law-enforcement duties at the time of the accident. Discretionary acts require “constant decision-making and judgment.” Phillips v. Thomas, 555 So.2d 81, 85 (Ala.1989). Deputy Edwards’s decision to answer the emergency 911 dispatch call as well as his decision to drive at an excessive rate of speed both required him to exercise personal judgment. In White v. Birchfield, 582 So.2d 1085 (Ala.1991), a police officer who answered an emergency 911 distress call was driving at an excessive rate of speed with a suspect in the backseat of the car. The car became airborne as a result of the speed and the suspect’s head was knocked against the roof of the car, injuring the suspect. This Court concluded that the officer was entitled to immunity, reasoning that “[the officer’s] decision to answer the call in a life-threatening situation was within the boundaries of his discretion in performing his duties as a deputy sheriff.” 582 So.2d at 1087.
However, in this case Deputy Edwards also violated an express statute regarding the use of lights and sirens in an emergency situation. The statute does not give Deputy Edwards discretion with respect to using his siren and lights when answering an emergency call at an excessive rate of speed. Section 32-5A-7 permits authorized emergency vehicles to “exercise the privileges set forth in this section, but subject to the conditions herein stated.” One of those conditions is using visual and audible signals, i.e., emergency lights and sirens. The statute says that the exemptions provided in that section “shall apply only” when the emergency vehicle uses emergency lights and sirens. (Emphasis added.) Where a deputy’s discretion to exercise personal judgment has been revoked by statute, he cannot be said to have discretionary immunity for his action.
The case of Williams v. Crook, 741 So.2d 1074 (Ala.1999), is directly on point. *224 In that case, a Bay Minette police officer answered a domestic-disturbance dispatch call and was traveling in excess of the speed limit toward the scene of the disturbance. Along the way, he crashed into another vehicle, injuring the vehicle’s occupants. The officer was not using his emergency lights or sirens; he testified that he feared doing so would alert those at the scene of the domestic disturbance of his arrival and might result in participants’ running away. This Court ruled that the police officer was not entitled to discretionary-function immunity from claims asserted by the victims. The Court stated, in part:
“Thus, under the express provision of the statute, we must conclude that Crook [the police officer] did not have the discretion to exceed the speed limit unless he also complied with the provisions of § 82-5A-7(c), and he admittedly did not do that. Thus, the accident that gave rise to the plaintiffs’ claims is not alleged to have been the result simply of actions as to which Crook was called upon to exercise his personal judgment. Although he did have the discretion to decide whether he would drive in excess of the speed limit, once he made that decision he did not have the discretion to further decide whether he would comply with the audible- and visual-signal requirements of § 32-5A-7(c).”
Williams, 741 So.2d at 1077. While Williams specifically discussed immunity under only § 6-5-338(a), the analysis applies equally to a Cranman analysis on these facts, because that “statute, by its terms, extends state-agent immunity to peace officers performing discretionary functions within the line and scope of their law-enforcement duties.” Moore v. Crocker, [Ms. 1992321, April 12, 2002] — So.2d -, - (Ala.2002).
Therefore, because Sprinkle s action was not barred by the doctrine of res judicata and because Deputy Edwards did not possess absolute, State-agent, or discretionary-function immunity for his actions, he can be sued in his individual capacity for the injuries sustained by Sprinkle. The summary judgment should be reversed. Therefore, I must dissent from the majority opinion insofar as it affirms the summary judgment.
JOHNSTONE, J., concurs.